19017

Mrs. Della Mae TETTERTON (Cato), Respondent, v. Cardell FOG-GIE, Appellant. Howard L. TETTERTON, by his guardian ad litem, Mrs. Della Mae Tetterton (Cato), Respondent, v. Cardell FOGGIE, Appellant.

(172 S. E. (2d) 369)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. Nicholson & Nicholson,* of Greenwood, and *Thomas A. Babb,* of Laurens, *for Respondents,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant, in Reply.*

February 12, 1970.

Moss, Chief Justice.

Howard L. Tetterton, by his *guardian ad litem*, the respondent herein, instituted this action against Cardell Foggie, the appellant herein, to recover damages for personal injury alleged to have resulted from the actionable negligence of the appellant in the operation of his automobile. Mrs. Della Mae Tetterton Cato, the mother of Howard L. Tetterton, also a respondent herein, instituted an action against the appellant to recover medical expenses incurred by her for the care and treatment of her minor son, which she alleges resulted from the actionable negligence of the appellant in the operation of his automobile. The appellant, by his answers, denied any actionable negligence on his part.

The two cases were tried together, by consent, before The Honorable Robert W. Hayes, Presiding Judge, and a jury. At appropriate stages the appellant made motions for a nonsuit and directed verdict. These motions were refused and the case was submitted to the jury which rendered verdicts in favor of the respondents for actual damages. Following the verdict, the appellant made timely motions for judgment *non obstante veredicto,* and, in the alternative for a new trial. These motions were denied and this appeal followed.

The sole issue here is whether the trial judge erred in refusing to direct a verdict for the appellant upon the ground

that the evidence was insufficient to establish actionable negligence on his part. In considering this question, it is 'elementary that all of the evidence has to be viewed in the light most favorable to the respondents and if more than one reasonable inference can be drawn therefrom the case should be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the court *Carter v. Beals*, 248 S. C. 526, 151 S. E. (2d) 671.

The injury to Howard Tetterton, a three-year-old boy, occurred on May 14, 1966, at approximately 6:15 P. M. in front of the house of his aunt on Pump House Road, which runs between Clinton and Laurens. It was daylight when the accident occurred, visibility was good, and the road was dry.

The testimony shows that on the afternoon in question that one Mrs. Nellie Lee was baby sitting with her nephew and keeping him at her house, along with her own little daughter and two or three other children. Just prior to the accident, Mrs. Lee and the children were playing with a beach ball in her front yard. While they were so playing the ball was thrown across the Pump House Road and one of the older boys went across to get it, the other children coming up to the side of the road but not crossing it. At the time Mrs. Lee was standing in the driveway with Howard Tetterton and her daughter. She testified that she saw the car of the appellant approaching from her left, and he sounded the horn of his car in front of the home of a Miss Barbara Benjamin, about two and one-half blocks away. Mrs. Lee warned the boy who had gone across the road to retrieve the beach ball of the approach of the oncoming car. She testified that at this time the appellant's car was going very slowly or had stopped. She then got Howard and her little daughter by the shoulder or arm, turned around, and started up the driveway to her home. As she was going up the driveway, Howard jerked away from her and ran into the appellant's car. She

said it happened so quickly that she had not even had time to turn around when she heard the impact.

The investigating officer testified that he found a spot of blood which he assumed was the point of impact. From this spot where the front of appellant's automobile stopped was a distance of fifty feet and there were skid marks the last twenty-six feet of this distance leading up to the front wheels of the automobile. The patrolman estimated these skid marks at a car length and a half. All marks were in the appellant's lane of travel and there were no visible marks upon the automobile to show where the impact with the child took place. The patrolman estimated, without any objection thereto, that the appellant was going approximately twenty-five miles an hour at the time of the accident.

Miss Barbara Benjamin, who was at the home of her parents approximately two and one-half blocks from where the collision took place, testified that when the appellant passed their home he started blowing the horn of his automobile and continued such as he went down the road. She said that she could see several children in the road in front of the home of Mrs. Lee. She estimated the speed of the appellant's car at about thirty miles per hour when he passed her, and immediately began slowing down and was going real slow or had almost stopped by the time he reached the Lee residence. She further testified that when the children got out of the road she turned around to attend to what she was doing and did not see the actual impact.

The appellant testified that he was driving his automobile over and along Pump House Road on his way from Clinton to his home in Laurens, driving at a speed of approximately thirty miles per hour, which was less than the maximum allowable speed of fifty-five miles per hour. When the appellant was in front of the Benjamin home he saw children playing in the road and began blowing his horn and decreased his speed and came almost to a stop. He further testified that after he had slowed down and almost stopped the

children got out of the road and he saw Mrs. Lee holding some of the children over in her yard. When the appellant saw some of the children were being held by Mrs. Lee and the others were in places of safety, he started to gradually increase the speed of his automobile when he was some five or six feet from the point where the impact with Howard Tetterton took place. It was at this point that Howard Tetterton darted out into the road and disappeared behind the front fender of the automobile. The appellant testified that when the child unexpectedly ran into the road there was no way for him to stop his automobile in time to avoid the collision, but he did apply his brakes and stopped within about forty feet after the impact. He testified that he did not completely jam his brakes because he was fearful that he would crush the child by so doing.

We have held that where the driver of a vehicle knows, or should know, that children may reasonably be expected to be in, near, or adjacent to the street or highway, he is under a duty to anticipate the likelihood of their running into or across the roadway in obedience to childish impulses, and to exercise due care under the circumstances for their safety. However, such a motorist is not an insurer against injuries to children from the operation of his vehicle. Since the law recognizes that children act upon childish impulses, there is imposed upon the motorist, in order to reach the standard of ordinary care with respect to them, the duty to exercise more vigilance and caution than might be sufficient in the case of an adult. *Herring v. Boyd,* 245 S. C. 284, 140 S. E. (2d) 246.

However, in *Brown v. Liberty Mut. Ins. Co.,* 234 La. 860, 101 So. (2d) 696, the Louisiana Supreme Court said:

"* * * But, when children are accompanied by their parents or other adults, the degree of care diminishes because it is only reasonable for a prudent person to assume, in the absence of any indication to the contrary, that the parent or

other person will guard against a childish impulse and give immediate warning of any sudden change in position which might place the child in peril."

Whether or not a motorist has exercised due care under the circumstances of course, must be determined under the facts of the particular case.

We think the only reasonable inference to be drawn from all of the testimony is that the appellant was observing the rules of the road with respect to speed, control, and was maintaining a proper lookout while driving in his proper traffic lane. The testimony is conclusive that the appellant, as he approached the place where the minor respondent was, blew his horn and he either stopped or almost came to a stop before reaching this point. He saw the minor respondent was in a place of safety and at the time was being held by an adult and it was only when he proceeded to pass the area where the children were that the minor jerked loose from the adult attendant and darted into the path of the automobile of the appellant. It is our conclusion that the appellant exercised due care in the operation of his automobile with respect to the minor who was under adult supervision at the time of the accident.

When a child, who is under adult restraint, breaks away from such adult and darts into the path of a motorist who is observing the rules of the road with respect to speed, control, and who is maintaining a proper lookout, the resulting injury to said minor is not actionable. Under the circumstances revealed by this record, the appellant, in the exercise of due care, did all that he was required to do in the operation of his automobile.

In our opinion, the evidence in this case is susceptible of only one reasonable inference, that being that the appellant was not guilty of any act of negligence that proximately caused injury to the respondent. This being true, the trial judge should have directed a verdict in favor of the appellant.

The judgment of the lower court is reversed and the case remanded thereto for the purpose of entering judgment for the appellant.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.