19084

LeRoy MOYE, Respondent, v. WILSON MOTORS, INC. (formerly known as Nelson Motors, Inc.) and Ford Motor Credit Company, of whom Ford Motor Credit Company is, Appellant.

(176 S. E. (2d) 147)

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Appellant,*

*Messrs. Lourie, King & Brooks,* of Columbia, *for Respondent,*

July 21, 1970.

Moss, Chief Justice.

This action was instituted by LeRoy Moye, the respondent herein, against Ford Motor Credit Company, the appellant herein, and Wilson Motors, Inc., formerly known as Nelson Motors, Inc., to recover actual and punitive damages on account of alleged fraud and deceit.

The case came on for trial before the Honorable Legare Bates, Judge of the Richland County Court, and a jury, and resulted in a verdict for actual and punitive damages against Ford Motor Credit Company and exonerating Wilson Motors, Inc. At appropriate stages of the trial the appellant made timely motions for a nonsuit and directed verdict, and following the verdict, a motion for judgment *non obstante*

*veredicto* or, in the alternative, for a new trial. All of these motions were denied and this appeal followed.

On May 4, 1966, the respondent purchased from Nelson Motors, Inc., thereafter known as Wilson Motors, Inc., a dealer in Mercury, Comet and Continental automobiles in the Columbia area, a 1966 Comet. The respondent made a down payment and executed and delivered a conditional sales contract to the seller for the time balance due in the amount of $2,578.96, such being payable in thirty-six equal monthly installments. The conditional sales contract required the respondent, at his own expense, to procure comprehensive-collision insurance. This insurance was obtained from Excel Insurance Company through the Boykin Agency, on an application signed by the respondent, the premium therefor being $341.00. The respondent, being wthout funds with which to pay such premium, had such included in the time balance due under and secured by the conditional sales contract. Boykin Insurance Agency, on behalf of Excel, did, on May 4, 1966, issue the policy required, a copy thereof being mailed to the insured at the address shown in the policy and received by him approximately one month after the issuance of the policy.

Nelson Motors, Inc., in due course of business, assigned the aforesaid conditional sales contract to the appellant. The only action taken by the appellant with reference to the insurance was to issue its check payable to Nelson Motors, Inc. and Boykin Insurance Agency for the amount of the premium included in the time balance due under the conditional sales contract. It is admitted that Boykin Insurance Agency received the aforesaid premium.

The respondent's automobile was damaged in a collision on January 16, 1967. Immediately after the collision he notified the Boykin Agency and was informed that his policy was cancelled and upon inquiry being made of the appellant he was told that it had no record that the policy had been cancelled. He was subsequently advised by the

Boykin Agency that the policy had been cancelled in September 1966 and that notice thereof had been mailed to him at the address shown in his policy and a copy of such notice had been mailed to the appellant. The appellant and the respondent denied receiving any notice of cancellation. However, upon being advised by the respondent, the appellant reviewed the payment records on his account which revealed that on October 21, 1966, a refund of insurance premium in the amount of $221.00 had been received and credited to said account. A representative of the appellant testified that no notice of cancellation had been received with the refund. The appellant made no inquiry as to the reason for said refund but merely applied the same to the respondent's account, and upon being advised of the cancellation, it was applied in inverse order of maturity to the monthly installments. This method of crediting the insurance premium refund was in compliance with the provision of the conditional sales contract.

The respondent requested the appellant, after he learned that the premium refund had been applied to his account, to advance him the $221.00 to be used in payment for the repairs to his automobile. This request was refused.

The respondent admitted that when he liquidated his indebtedness to the appellant he was given full credit for the insurance premium refund and such reduced the total number of monthly payments and entitled him to a refund which he received.

The cancellation provision contained in the insurance policy is as follows:

"This policy may be cancelled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of the notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

The respondent, as a part of his proof, offered in evidence the notice of the cancellation of the insurance policy in question, such being signed by the Excel Insurance Company and dated August 29, 1966, and by the terms of said notice the effective date of cancellation was September 9, 1966. It is recited in the cancellation notice that it was sent to the appellant and the respondent on August 29, 1966.

The conditional sales contract provided as follows with respect to insurance:

"The Property shall be at Buyer's risk and Buyer shall obtain and maintain at his own expense for so long as any amount remains unpaid under this contract, insurance protecting the interests of Buyer and Seller against loss, damage or destruction of or to the Property in such forms and amounts as Seller may require.

"The inclusion of a charge for Vehicle Insurance herein shall not relieve Buyer of such obligation, but only authorizes Seller to attempt to obtain the requested coverages on Buyer's behalf through an authorized insurance agent; provided, if Seller is unable to obtain the requested coverages for the term indicated for the amount included herein, Seller may (i) obtain such coverage for such term, if any, as the insurance carrier to whom Seller shall apply therefor will provide for such amount, or (ii) credit such amount to the final maturing installments hereunder in inverse order of maturity or as otherwise required by law.

"If Buyer fails to obtain or maintain the insurance required hereunder or fails to furnish satisfactory evidence thereof upon request, Seller may, but shall not be required to, and without prejudice to Seller's rights under this contract if it does not, obtain such insurance protecting either: (i) the interests of Buyer and Seller or (ii) the interest of Seller only. * * *

"Buyer hereby assigns to Seller any monies, not in excess of the unpaid balance hereunder, that may become payable under such insurance, by whomever obtained, in-

cluding return or unearned premiums and requests and authorizes any insurance company to make payment of such monies directly to Seller to be applied to the unpaid balance hereunder, and Buyer appoints Seller as Buyer's attorney-in-fact to endorse Buyer's name upon any check or draft representing payment to Buyer of such monies. The proceeds from such insurance, by whomever obtained, shall be applied toward replacement of the Property or payment of the obligation hereunder in the sole discretion of Seller. Buyer hereby waives and releases Seller from all claims with respect to any and all rights, benefits and advantages as may accrue under such insurance, by whomever obtained, except the right to the application of any proceeds received by Seller thereunder in payment of the obligation under the contract."

It is also provided in the conditional sales contract that such may be assigned and any subsequent holder thereof acquires the original seller's interest in the contract and the property and is entitled to all the rights and privileges of the seller thereof.

The question for determination here is whether there was any evidence of fraud and deceit upon which the jury could base a verdict in favor of the respondent. It is the contention of the appellant that there is no evidence in this record supporting an action for fraud and deceit and that the trial judge should have so held as a matter of law.

The respondent, in order to recover in an action for fraud and deceit, must prove the elements thereof, such being: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury. The respondent, having charged the appellant with fraud and deceit as a basis of his cause of action, must establish the foregoing elements thereof by evidence that is clear, cogent and convincing and

the failure to prove any one of such is fatal to recovery. *Jones v. Cooper,* 234 S. C. 477, 109 S. E. (2d) 5, and *Davis v. Upton,* 250 S. C. 288, 157 S. E. (2d) 567.

The respondent contends that the salesman for Nelson Motors, Inc. represented to him "that the insurance would have to be paid in full before he could purchase the car and take it off the lot", and "after he said it would have to be paid in full, then he knew he couldn't afford it. So he told me he would take care of the insurance and the financing." The respondent admits that he requested that the insurance premium be financed and admits executing the application for insurance and receiving the policy issued by Excel from Boykin Insurance Agency. We find no evidence of any false representation in what was done to obtain and finance the premium for the insurance coverage. Accepting the testimony of the respondent as being true, the salesman for Nelson Motors represented that he would acquire the policy of collision-comprehensive insurance for him. He acknowledges that such was done and the premium therefor was financed. Such representation was not false and could not give rise to an action for fraud and deceit. We point out that there is no evidence whatever that any representation, true or false, was made to the respondent by the appellant prior to the execution of the conditional sales contract and the obtaining of the policy of insurance. According to the respondent's own testimony he did not know that the contract had been assigned to the appellant until he made his first monthly payment thirty days after the execution of all of the instruments in connection with the purchase of the automobile and the obtaining of the insurance.

The respondent complains that he was not notified that his insurance policy had been cancelled. There is no evidence whatsover that there was any representation made to the respondent that his insurance would not be cancelled. According to the testimony of the respondent he received a copy of the policy of insurance with-

in one month after its issuance and he is charged with knowledge that Excel had the right to cancel the policy by following the provisions of the policy with reference thereto. There was no misrepresentation concerning the cancellation clause in the said policy. The respondent did not testify whether he had read the policy in question but if he had read such he could have ascertained that the policy was subject to cancellation by the insurer. One cannot complain of fraud in the misrepresentation of the contents of a written instrument when the truth could have been ascertained by his reading the instrument. *Jones v. Cooper,* 234 S. C. 477, 109 S. E. (2d) 5. The fact that the respondent may not have familiarized himself with the provisions of his policy does not permit him to complain when the insurer exercised a right reserved therein. There is no evidence that there was any duty upon the appellant to notify the respondent if and when the contract of insurance was cancelled pursuant to the provisions of the insurance contract.

The respondent argues that it can be reasonably inferred from the representation made concerning the obtaining of the insurance that the appellant assumed the duty to keep such insurance in force during the life of the conditional sales contract. As is heretofore stated the policy of insurance was obtained, the required premium was financed and paid, and we find no evidence of any representation made at the time that the appellant would keep such policy in force. The duty to keep the policy in force was the obligation of the respondent and was required by the conditional sales contract executed by him. Based on such finding, the respondent's contention in this regard is without merit. In the light of the contention made by the respondent, we call attention to the rule that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfilled promises or statements as to future events. Where one promises to do a certain thing, having at the time no intention of keeping his agreement, it is a

fraudulent misrepresentation of a fact and actionable as such. *Davis v. Upton,* 250 S. C. 288, 157 S. E. (2d) 567.

The contract provisions of the conditional sales agreement absolved the appellant of any duty in regard to insurance or refunds from insurance, except to apply such refund to respondent's obligation under the contract. The respondent acknowledges that he was given credit on his obligation and received the benefit of the refunded premium.

It is our conclusion that the motion of the appellant for a directed verdict in the lower court should have been granted because of the failure of the respondent to prove any representations upon which a fraud and deceit action could be based.

In view of the conclusion reached, it becomes unnecessary to consider the other exceptions posed by the appellant.

It is the judgment of this court that the judgment of the lower court be reversed and this case remanded thereto for entry of judgment in favor of the appellant.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.