19272

Earline R. LUNDY, as Administratrix of the Estate of Della M. Reynolds, Respondent, v. PALMETTO STATE LIFE INSURANCE COMPANY, Appellant.

(183 S. E. (2d) 335)

*Messrs. Suggs & McCutcheon,* of Conway, *for Defendant-Appellant,*

*Messrs. Stevens & Holt,* of Loris, *for Plaintiff-Respondent,*

August 19, 1971.

Moss, Chief Justice.

This action was instituted by Earline R. Lundy, as Administratrix of the Estate of Della M. Reynolds, the re-

spondent herein, against Palmetto State Life Insurance Company, the appellant herein, to recover damages on account of alleged fraud and deceit.

The respondent alleges in her complaint that Della M. Reynolds was employed at the Myrtle Beach Air Force Base and was insured, while so employed, under a Federal Employees Group Life Insurance Policy, which provided benefits in the amount of $6,000.00. It was further alleged that this policy provided that:

"upon termination of her employment under the terms of the Federal Employees Group Life Insurance, Act of 1954, Policy No. 17000G, the plaintiff's intestate had a right to convert the sum of $6,000.00 of her life insurance without any medical examination with any of the Companies stipulated under the Federal Employees Group Life Insurance, the insuring plan."

The appellant was one of the companies eligible to issue conversions under the Federal Employees Group Life Insurance Plan.

It is further alleged that prior to the expiration of her conversion right the respondent's intestate did on May 29, 1967, make application therefor to the appellant and delivered to it her check in the sum of $31.20 in payment of the premium. It is then alleged that after acceptance and honoring of the said check that the appellant, through an agent, advised the respondent's intestate that she would have to undergo a physical examination before she could so convert her existing policy and such was in direct conflict with her conversion right. It is further alleged that the appellant knew that Della M. Reynolds could convert her policy without undergoing a physical examination and this false statement was made for the purpose of preventing her from exercising her conversion right. It is further alleged that the said Della M. Reynolds was ignorant of the fact that she was not required to take a physical examination and relied on the false representation made thereabout by the appellant

and as a result thereof she was deprived of the right to convert her insurance, all to her damage because of such fraud and deceit.

The appellant, by answer, specifically denied that it made any false or fraudulent representations to the respondent's intestate and no attempt was made by her to convert her insurance with it. It is further alleged that the respondent's intestate did on May 29, 1967, make application to it for life insurance in the amount of $1,000.00 and paid the first annual premium in the amount of $31.20 and upon rejection of the application, the said premium was refunded to and accepted by the said Della M. Reynolds.

This case came on for trial before the Honorable James B. Morrison, Presiding Judge, and the jury and resulted in a verdict for the respondent in the amount of $6,000.00 actual damage. The appellant made timely motions for a nonsuit and directed verdict and such were refused. After the verdict, the appellant moved for judgment *non obstante veredicto*, or in the alternative for a new trial. These motions were heard and refused by the trial judge. This appeal followed.

It is our view that this appeal can be disposed of by determining whether there was sufficient evidence of fraud and deceit on the part of the appellant requiring submission of this question to the jury. The appellant contends that there was no evidence to support an action for fraud and deceit and the trial judge erred in not so holding as a matter of law.

In considering the foregoing question it is elementary that the evidence has to be viewed in the light most favorable to the respondent and if more than one reasonable inference can be drawn therefrom, the case should be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the court. *Tetterton v. Foggie*, 253 S. C. 600, 172 S. E. (2d) 369.

The respondent, in order to recover in an action for fraud and deceit, must prove the elements thereof, such being: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury. The respondent, having charged the appellant with fraud and deceit as a basis of his cause of action, must establish the foregoing elements thereof by evidence that is clear, cogent and convincing and the failure to prove any one of such is fatal to recovery. *Jones v. Cooper*, 234 S. C. 477, 109 S. E. (2d) 5; *Davis v. Upton*, 250 S. C. 288, 157 S. E. (2d) 567; and *Moye v. Wilson Motors, Inc.*, 254 S. C. 471, 176 S. E. (2d) 147.

It appears from the record that Della M. Reynolds had been employed at the Myrtle Beach Air Force Base for a period of approximately twelve years and for eight years of that period was insured under an employees group life insurance policy in the amount of $6,000. There was deducted from her pay, as her share of the premium on this policy, the sum of $1.50 every two weeks, her employer paying the balance of the premium. The policy contained a provision that upon the termination of her employment she had the right to convert her life insurance, without any medical examination, with any approved or eligible company in any amount not exceeding $6,000.

The insured terminated her employment at the Air Base on April 24, 1967. At the time of the termination of her employment, she expressed the desire to convert her existing insurance to an individual policy with an eligible company and executed the proper request therefor to Federal Employees Group Life Insurance. Pursuant to such request, Federal Employees Group Life Insurance, by letter dated May 17, 1967, advised her that her right to convert her insurance would expire June 1, 1967 and the maximum

insurance that could be converted was $6,000, and further stated to her "you may purchase an individual policy without medical examination from any one of the companies named on the attached list" and "this letter must be given to the insurance company or representative, as evidence of your conversion right at the time you sign an application form."

The respondent testified that she was a sister of Della M. Reynolds and they had lived together since Della was eight years of age and were living together when the facts that gave rise to this case occurred. The respondent testified that the aforesaid letter was received at her home through the regular channels of mail. She said that she opened the said letter and discussed and explained to her sister the contents thereof. Following such, she called the office of the appellant and talked to one Oliver Hinson, an agent, and told him that her sister wanted to convert her insurance. Hinson came to the home of the respondent on May 29, 1967 and there talked with the respondent and Della M. Reynolds. The respondent testified that she told Hinson that her sister wanted to convert her insurance to an individual policy with the appellant in the amount of $6,000.00. She further stated that she showed to. Hinson the above described letter and he said it would be accepted. The respondent admitted that a check of Della M. Reynolds' in the amount of $31.20 was delivered to Hinson. She further testified that she did not know anything about her sister making application for life insurance in the amount of $1,-000.00 and did not see any application therefor filled out or signed by her sister.

Ray Lundy, son of the respondent and nephew of Della M. Reynolds, testified that he arrived at his mother's home while the agent, Hinson, was discussing insurance with his mother and aunt. He further testified that Della M. Reynolds asked him to make out a check payable to. the appellant in the amount of $31.20 and at her request he signed her name and delivered the check to Hinson. While this witness

testified that he knew nothing that had taken place concerning insurance, he indentified a signature on an application dated May 29, 1967, to the appellant for life insurance in the amount of $1,000 as being that of his aunt, Della M. Reynolds.

Oliver Hinson, agent of the appellant testified that pursuant to a telephone call to his office he went to the home of the respondent on May 29, 1967 and there discussed with Della M. Reynolds the purchase by her of a policy of life insurance from his company. He stated that she wanted at least, insurance in the amount of $1,000.00 and inquired as to the premium therefor. He quoted her the rate and thereafter took a written application for life insurance in the aforesaid amount, recording on the application the information given him by her. This witness further testified that after the application was completed but before being signed, Della M. Reynolds left the room where the interview had taken place. He then delivered the unsigned application to Ray Lundy with the request that he have the applicant sign such and give him a check for the annual premium in the amount of $31.20. He stated that Ray Lundy left the room with the application and shortly thereafter returned and delivered to him the signed application and a check payable to the appellant in the amount of $31.20. This witness further testified that he had no conversation with Della M. Reynolds about converting her group life insurance policy. This witness identified the special form used when application is made to convert a group policy to a policy with the appellant. This special form was not used in this case but the application of Della M. Reynolds was upon a form normally used where there was no request for a conversion of an existing group policy. An examination of the form used shows that the policy applied for was in the amount of $1,000.00, without a medical examination, but Della M. Reynolds authorized her physician to give the appellant all information regarding her medical history, physical condition, and diagnosis. This application provided

that the appellant would have 60 days to act upon such and within this period could either approve or reject the application.

The respondent produced as a witness an employee of the Civilian Personnel Office of the Myrtle Beach Air Force Base whose duty it was to advise separating employees of their rights in connection with the converting of their group life insurance policy to an individual policy. This witness testified that Della M. Reynolds, upon the termination of her employment, was assisted by her in filling out the necessary form in order to obtain detailed information from the Office of Federal Employees Group Life Insurance concerning her right to apply for an individual life insurance policy. In connection with the aforesaid form there was delivered to Della M. Reynolds certain written instructions concerning her right of conversion to an individual policy. These instructions contained the information that no medical examination would be required in connection with the conversion of her policy to an individual policy and that she would have to pay the life insurance premium applicable to the type of policy she would select, taking into consideration her age and class of risk. Attached thereto were examples of the approximate premium rates that the eligible companies would charge. According to this sample schedule of premiums rates per $1,000.00 of insurance, Della M. Reynolds, her age being 35, for a 20-payment life insurance policy of $6,000.00 the annual premium thereof would be $240.00. An agent of the appellant testified that had Della M. Reynolds applied for converted insurance in the amount of $6,000.00 under the 20-payment plan, the annual premium therefor would be approximately $186.00 per year. The appropriate annual premium for life insurance in the amount of $1,000 under the 20-payment plan which she selected in her application was $31.20.

It is undisputed that the appellant rejected the application of Della M. Reynolds for insurance and by check dated August 1, 1967, refunded to her the sum of $31.20 which

she had paid at the time the application was taken. This check was cashed by Della M. Reynolds on September 12, 1967. Arthur Lundy, the husband of the respondent, testified that he was present when an agent of the appellant delivered the refund check to Della M. Reynolds. This witness further testified that at the time she received the refund check she inquired of an agent of the appellant as to why she could not convert her insurance and was told by him that she would have to have a physical examination to get it. Della M. Reynolds died on April 29, 1968. The respondent testified that she was not present when the appellant refunded the initial premium nor did she know that the application for insurance had been rejected until after her sister's death.

We, in disposing of this appeal, will assume that the appellant did in fact falsely represent to Della M. Reynolds that she would have to undergo a physical examination before she could convert her group life insurance policy with it; however, this representation, even though false, could not have deceived her, under the facts of this case, and thereby form a basis for an action of fraud and deceit.

We think the applicable rule is well stated in 37 Am. Jur. (2d), Fraud and Deceit, Section 226, page 301, where it is said:

"It is fundamental that a representee must be deceived by false representations in order to make them actionable. It follows that in any fraud case, in order to secure relief, the complaining party must honestly confide in the representations or, as has been said, must reasonably believe them to be true. The law will not permit one to predicate damage upon statements which he does not believe to be true, for if he knows that they are false, it cannot truthfully be said that he is deceived by them. This principle is applicable, however false and dishonest the representations may be, and regardless of the fact that they are made with intent to deceive. Accordingly, there can be no liability in fraud

where the complaining party is, in advance, fully knowledgeable and apprised of those matters as to which the representations are alleged to have deceived him. To have such effect, however, it has been stated that the knowledge of the representee must extend to the material facts as to which the representations are made."

The evidence here is conclusive that Della M. Reynolds had been insured under a Federal Employees Group Life Insurance Policy for eight years immediately preceding the termination of her employment. It is alleged in the complaint here that under the terms of such policy, she had the right to convert such insurance without any medical examination. We fail to see, in the light of the allegation contained in the complaint, that Della M. Reynolds had any right to rely upon the representation made by an agent of the appellant when she knew such representation was false and untrue. It further appears that when Della M. Reynolds terminated her employment at the Myrtle Beach Air Force Base she was given certain written instructions concerning her right of conversion of her group insurance policy to an individual policy. Among such instructions was that no medical examination would be required of her in connection with the conversion of her policy to an individual policy. It also appears, as heretofore stated, that Della M. Reynolds was advised by the office of the Federal Employees Group Life Insurance, by a letter dated May 17, 1967, that she could convert her group insurance to an individual policy without medical examination. We think it conclusive from the facts recited, that Della M. Reynolds knew she could convert her group insurance policy to an individual one without a medical examination. This being true, she had no right to rely upon a contrary representation made by the appellant. The law will not permit one to predicate an action for fraud and deceit upon a representation which she knows to be false and she cannot be deceived by that which she knows.

Della M. Reynolds, at the time of the termination of her employment contract, was furnished with a written table of the approximate premium rates to be applicable to her in the event she converted her group policy to an individual policy. This schedule showed that the annual premium for a 20-payment Life Insurance Policy of $6,000.00 would be $240.00. When Della M. Reynolds applied to the appellant for life insurance and paid a premium of $31.20 therefor, it is readily apparent that she knew she was not applying for a policy in the amount of $6,000.00.

In our judgment, the respondent failed to show that Della M. Reynolds was ignorant of the falsity of the representation made by the appellant that she was required to take a medical examination in connection with the conversion of her policy. Della M. Reynolds had no right to rely upon this representation for the reason that she had actual knowledge of the falsity of the representation made. It follows that the motion of the appellant for a directed verdict in the lower court should have been granted because of the failure of the respondent to prove any representations upon which a fraud and deceit action could be based.

It is the judgment of this court that the judgment of the lower court be reversed and this case remanded thereto for entry of judgment in favor of the appellant.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.