20916

William H. BAKER, Appellant, v. PENNSYLVANIA GENERAL INSURANCE GROUP, Respondent.

(253 S. E. (2d) 369)

*Forrest C. Wilkerson,* of *Roddy, Carpenter & White,* Rock Hill, *for appellant.*

*Keith A. Gatlin,* of *Hayes, Brunson & Gatlin,* Rock Hill, *for respondent.*

March 19, 1979.

LEWIS, Chief Justice:

This is an appeal from an order granting summary judgment in respondent's favor. We reverse.

Respondent issued to appellant a homeowner's policy of insurance covering appellant's river cabin located near Rock Hill, South Carolina, and the policy was in full force and effect at all pertinent times herein. The policy provided fire protection for the building and contents and also insured against loss by theft. Subsequent to the issuance of the policy, appellant leased the property with an option to purchase by the lessee. However, appellant stored on the premises some spare furnishings and the disappearance of this property about the time the tenant moved from the premises constitutes the basis of the present action by appellant to recover for the alleged theft thereof.

Respondent's answer admitted that the policy was issued but denied that it covered the loss claimed since both the alleged stolen property and the peril (alleged theft of property by tenant) were expressly excluded from coverage.

The policy contained an exclusion with regard to coverage of unscheduled personal property so as to exclude "property rented or held for rental to others." It also excluded from theft coverage loss "caused by a tenant, his employees or members of his household while renting the portion of the described dwelling customarily occupied exclusively by an insured."

In granting summary judgment, the trial judge held that there was no material issue of fact and the evidence conclusively showed that (1) the foregoing exclusions applied because the property involved was rented to others (the lessee) and (2) the property was taken by the lessee when he moved. In so concluding, the trial judge clearly overlooked the disputed facts as to whether the property involved was stored on the premises or leased and also as to whether the tenant stole the property. The facts were in dispute as to these issues

upon which ultimate liability turns. Since there were material issues of fact summary judgment was improperly granted.

Judgment is accordingly reversed and the cause remanded for trial.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.