21069

CARROLL MOTORS, INC., Respondent, v. Jack PURCELL, Tate's Auto Sales, Inc., Nathan Blackman, d/b/a Fayetteville Auto Auction, Hugh Franklin Deans and Luther Ravon Deans, of whom Jack Purcell is Appellant.

(259 S. E. (2d) 604)

*Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for Appellant.*

*H. E. McCaskill,* Conway, *for Respondent.*

October 24, 1979.

RHODES, Justice:

This is an appeal from a directed verdict in favor of Carroll Motors, Inc. (plaintiff-respondent) in a claim and delivery action involving a 1972 Mark IV Lincoln purchased from it by Jack Purcell (defendant-appellant). Appellant alleged in his answer, as an affirmative defense and counterclaim, a cause of action for fraud and deceit based on misrepresentation of the automobile's actual mileage. We reverse.

Appellant asserts that the mileage on the automobile's odometer had been rolled back, that respondent had reason to know of this or recklessly misrepresented it in a federally mandated odometer disclosure form presented to him at the time of the sale, and that he relied upon such representation to his detriment. Appellant determined subsequent to his purchase of the car that such representations were false through the discovery of tire warranty documents in the car, which indicated that the mileage had at a previous time been much higher than the 57,494 miles represented. He thereupon confronted respondent's manager with the evidence of a possible rollback of the odometer, and when respondent did nothing to rectify the situation, appellant refused to make further payments on the car. This action for claim and delivery ensued.

Upon conclusion of the presentation of evidence, the lower court directed a verdict for respondent. It found that respondent had proved the debt claimed and that appellant's counterclaim for fraud and deceit failed for lack of proof of respondent's knowledge of the misrepresentation or that it was made in reckless disregard of the truth.

The basic issue in this case is the contention of appellant that the lower court erred in directing a verdict for respondent as to his affirmative defense and counterclaim of fraud and deceit on the grounds stated above. The case of *Jones v. Fenton Ford, Inc.,* 427 F. Supp. 1328 (D. Conn. 1977) held that a dealer's representations to a used car purchaser, by way of a sales agent's statement that the vehicle's odometer reading was accurate "to the best of his knowledge," and the delivery to the purchaser of an odometer mileage statement which did not alert the purchaser to odometer defects, were sufficiently reckless to support liability under the provisions of the federal Motor Vehicle Information and Cost Savings Act. 15 U.S.C.A. §§ 1901-2012. This result was reached despite the fact that the dealer attributed the misrepresentation to a clerical error in misfiling the previous odometer statement. The court in *Jones* held that

[t]o make a statement which assumed the affirmative was to recklessly overstate the facts as he then knew them (or could have known them). It is precisely this type of reckless overstatement that is condemned in the common law civil fraud cases, on an equal basis with statements actually known by the declarant to be false when made. . . . The absence of an original OM [Odometer Mileage] Statement in the automobile's file should have led the individual charged with certifying the new OM Statement to launch an inquiry into the true facts.
*Id.* at 1335.

Although *Jones* was brought under a federal statute and the case at bar under common law, *Jones* does provide persuasive precedent of what constitutes "reckless disregard of the truth" in the factual context of the present case. It is to be noted that fraud is likewise an essential element of proof in proceeding under the federal statute.

The automobile in question was purchased by respondent from Tate's Auto Sales, Inc. Although respondent's manager testified that he knew Tate was required to furnish him an odometer statement under the above-referenced federal law at the time of transfer, he in fact did not receive such a statement. At the time respondent gave its mileage statement to appellant, it had in its possession no verification of any nature with respect to the odometer reading. It is significant that not only did respondent not have any verification as to the accuracy of the odometer, but the record does not reflect that it attempted in any manner to obtain such information prior to its sale to appellant. As in *Jones,* the absence of the odometer statement should have alerted respondent to the possibility of odometer irregularity. This is given added emphasis by the testimony of appellant that he told respondent in pre-sale negotiations that he wanted a low mileage automobile that he could drive for several years, in reply to which respondent's salesman pointed out the vehicle in question as meeting this requirement. Despite these circumstances, re-

spondent affirmatively represented on the statement issued to appellant the mileage as shown on the odometer and improperly failed to utilize a space conveniently provided on the form stating "true mileage unknown."

The above facts are sufficient to create a jury issue as to whether respondent's actions were taken in reckless disregard of the truth. This court has held that "knowledge of the falsity of a representation is legally inferable where one makes it as of his personal knowledge, realizing that he is without information as to its truth, and recklessly disregarding that lack of information." *Gary v. Jordan,* 236 S. C. 144, 154-55, 113 S. E. (2d) 730, 735 (1960). The trial judge was in error in failing to submit to the jury the issues raised by the affirmative defense and counterclaim predicated on fraud and deceit.

We have considered the remaining exceptions argued by appellant and conclude that no error of law was committed and that they are without precedential value. Accordingly, they are dismissed pursuant to Rule 23 of the Rules of this court.

For the foregoing reasons, the directed verdict of the lower court is reversed and the case remanded for a new trial.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.