## 21140

SOUTH CAROLINA FARM BUREAU, d/b/a, a/k/a Southern Farm Bureau, Appellant, v. Ronald C. SCOTT, Arthur Prosser and Michael Prosser, Respondents.

(262 S. E. (2d) 739)

*M. M. Weinberg, Jr.* of *Weinberg, Warner, Brown & McDougall,* Sumter, *for appellant.*

*Marion S. Riggs* of *Rogers, Riggs & Rickenbaker,* Manning, *for respondents Prosser, et al.*

*James W. Rion* and *Kenneth M. Suggs,* Columbia, *for respondent Scott.*

February 5, 1980.

*Gregory,* Justice:

Appellant South Carolina Farm Bureau, d/b/a, a/k/a Southern Farm Bureau Casualty Insurance Co., appeals an order awarding summary judgment to respondent Ronald C. Scott. We reverse.

This declaratory judgment action was commenced by appellant seeking an adjudication as to coverage under an automobile liability policy of insurance issued to respondent Arthur Prosser. It appears that Prosser's son, respondent Michael Prosser, was the driver of a vehicle involved in an accident in which respondent Scott was injured. Scott thereafter brought suit against both Arthur and Michael Prosser for personal injuries, precipitating the instant action by Arthur Prosser's insurer to determine its coverage responsibility for Scott's claim.

Both appellant and respondent Scott moved for summary judgment on the issue of coverage, which in this case turns on the identity of the true owner of the vehicle. Appellant contended the only reasonable inference to be drawn from the evidence is that respondent Michael Prosser owned the vehicle, and thus the policy issued to Arthur Prosser afforded no coverage for Scott's claim. Respondent Scott took the contrary position, and the lower court agreed, that Arthur, not Michael, acquired the vehicle and Michael was merely a permissive driver of the vehicle at the time of the accident.

Appellant first contends the lower court clearly erred by entertaining respondent Scott's oral motion, which was made

at the hearing on appellant's motion and without notice to appellant. We need not, however, reach this issue in view of our conclusion that material issues of fact exist so as to preclude an award of summary judgment for either respondent Scott or appellant. *Baker v. Pennsylvania General Insurance Group*, S. C., 253 S. E. (2d) 369 (1979); see also Circuit Court Rule 44(c).

The lower court ruled as a matter of law the vehicle was covered under the "Automatic Insurance For Newly Acquired Automobile" paragraph of the policy, which provides in pertinent part:

If the named insured (Arthur Prosser) or spouse acquires ownership of an additional automobile and so notifies the Company within thirty days following the date of its delivery . . . such insurance as is afforded by this policy applies to such other automobile as of such delivery . . . date . . ..

We have held that coverage is not extended under such a clause of an automobile liability policy where the insured took title to the vehicle but was not the "true owner" thereof. *Bankers Insurance Company of Pennsylvania v. Griffin*, 244 S. C. 552, 137 S. E. (2d) 785 (1964). Additionally, a majority of this Court recently concluded one in possession of a stolen automobile could not have acquired ownership thereof for purposes of an automatic insurance clause, relying on the definition of "owner" found in the Motor Vehicle Responsibility Act, Chapter 9 of Title 56, Code of Laws of South Carolina (1976), as the "person who holds legal title." *Nationwide Mutual Insurance Company v. Douglas*, S. C., 255 S. E. (2d) 828 (1979). In the case of *Robinson v. Georgia Casualty and Surety Company*, 235 S. C. 178, 110 S. E. (2d) 255 (1959), it was stated that ". . . to be covered as a newly acquired automobile, the vehicle must be one in which the named insured not only has an insurable interest—he must own the automobile." 110 S. E. (2d) at 261. Thus, ownership for purposes of coverage under a "Newly Acquired Automobile" clause of an au-

tomobile liability policy is a question decided by reference to the particular facts and circumstances of the case. See 7 Am. Jur. (2d), *Automobile Insurance*, § 100

The evidence in this case reveals respondent Michael Prosser, who claimed sole ownership of the vehicle, had neither applied for nor received a new certificate of title for the vehicle. However, the prior owner acknowledges selling the truck to Michael and properly executed an assignment and warranty of title to Michael R. Prosser on the back of his title certificate. See Sections 56-19-360 and 56-19-380, Code of Laws of South Carolina (1976), regarding procedure for voluntary transfer. This and other evidence in the record is plainly contrary to the conclusions of the lower court.

The court below determined respondent Arthur Prosser acquired ownership for purposes of the policy since he was "the father of the minor son who purchases an automobile for the minor son, exercises dominion and control over the use of the vehicle and permits driving of the vehicle by his unlicensed son." In our view, these conclusions constitute final findings by the court which should have been left for the trier of the fact. *Arrants v. Rankin*, 268 S. C. 567, 235 S. E. (2d) 135 (1977).

The cross motions for summary judgment were decided not only on the basis of the depositions and exhibits already before the court, but also on the taking of additional testimony from four witnesses at the hearing. The evidence is clearly susceptible of more than one reasonable interpretation as to whether Michael or Arthur Prosser owned the vehicle in question. Thus, summary judgment in favor of either appellant or respondent Scott was unwarranted. See cases collected in West's South Carolina Digest, *Judgment*, at Key Number 181 (2).

Summary judgment is not proper unless it is perfectly clear that no issue of fact is involved *and* inquiry into the facts is not desirable to clarify the application of the law. This is even true when there is no dispute as to the evidentiary

facts but only as to the conclusion or inferences to be drawn therefrom.

*Crescent Company of Spartanburg, Inc. v. Insurance Company of North America,* 266 S. C. 598, 604, 225 S. E. (2d) 656, 659 (1976).

Accordingly, the order of the lower court is reversed and the case remanded for trial.

Reversed and remanded.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.