21643

J. W. SOUTH, Respondent, v. SHERWOOD CHEVROLET, INC., Appellant.

(287 S. E. (2d) 490)

O. Doyle Martin and Bradford N. Martin of Leatherwood, Walker, Todd & Mann, Greenville, for appellant.

C. Carlyle Steele of Warder & Steele, Greenville, for respondent.

February 17, 1982.

NESS, Justice:

Respondent, South, was awarded $1750.00 actual and punitive damages against appellant for fraud and deceit. Appellant,

Sherwood, appeals the denial of his motions for nonsuit, directed verdict and judgment N.O.V. asserting South failed to prove any fraudulent practice by him. We disagree and affirm.

In January, 1979, South approached several automobile dealers to purchase a new 1979 pickup truck. At Sherwood Chevrolet, Mr. South testified he specifically asked to see a 1979 truck and was directed to the vehicle he subsequently purchased. The window sticker on the truck stated it was a 1979 model, when in fact it was a 1978. South purchased the truck believing it to be a 1979 model.

Sherwood contends there was no misrepresentation as to the model of the truck since respondent signed a sales agreement with the truck designated as a 1978 model. In addition, the glove compartment contained a 1978 owner's manual and the EPA sticker on the window listed the estimated gas mileage for a 1978 truck. Sherwood's argument is based on *Moye v. Wilson Motors, Inc.*, 254 S. C. 471, 176 S. E. (2d) 147 (1970) which states one who has signed a written instrument cannot complain of fraud in the misrepresentation of the contents when the truth could have been ascertained by reading it. Thus, Sherwood submits it was error for the jury to decide the case when the evidence reveals respondent could have ascertained the truck was a 1978 model *despite* the admitted misrepresentation on the window sticker.

Appellant was not able to explain the 1979 sticker on the 1978 truck. First they claimed they were out of 1978 stickers (Tr. 108) but on cross examination stated the 1979 sticker was put on by mistake. (Tr. 116).

In *Moye v. Wilson Motors, Inc., supra,* cited by appellant, *no* representation at all was made as to the contents of the contract. There the plaintiff was complaining of a contract provision not called to his attention.

Here, the model of the truck was *directly* misrepresented to South as a 1979 model, and then recorded as a 1978 in the provisions of the printed contract.

What recourse if not an action for fraud and deceit is available to South to remedy this situation? South testified he be-

lieved the truck to be a 1979 model until he tried to sell it. This situation is analogous to *Carroll Motors, Inc. v. Purcell*, 273 S. C. 745, 259 S. E. (2d) 604 (1979).

In Carroll the sales agent represented a mileage odometer on a car to be correct "to the best of his knowledge" when in fact he had not examined the odometer. We held that statement to be a reckless disregard of the truth and concluded the lower court erred in not submitting the case to the jury.

The Court noted:

"[K]nowledge of the falsity of a representation is legally inferable where one makes it as of his personal knowledge, realizing that he is without information as to its truth, and recklessly disregarding that lack of information." *Gary v. Jordan,* 236 S. C. 144 at 154-155, 113 S. E. (2d) 730 (1960) as cited in *Carroll, supra,* 259 S. E. (2d) at 606.

The key determination in the present case depends on the facts. The jury is the sole trier of the facts. S. C. Const., Art. 1, § 14, Art. 5, §18. Summary judgment should not be granted where genuine issues of material fact exist, *S. C. Farm Bureau v. Scott,* 274 S. C. 264, 262 S. E. (2d) 739 (1980). S. C. Code, 1976, § 56-9-10, et seq. nor should a motion for a directed verdict or judgment N.O.V. Circuit Court Rule 79; *Gallmon v. American Employers' Ins. Co.,* 272 S. C. 369, 252 S. E. (2d) 124 (1979).

Due to the conflicting testimony present, we hold this is a jury issue and affirm.

Affirmed.

Lewis, C. J., and Littlejohn, J., concur.

Gregory and Harwell, JJ., dissent.

Harwell, Justice (dissenting):

Respondent was awarded $1750 actual and punitive damages in an action against the appellant for fraud and deceit. Appellant alleges the denial of his motions for nonsuit, directed verdict and judgment N.O.V. was error. The sole issue here is whether there was any evidence of fraud and deceit upon which the jury could base a verdict in favor of the re-

spondent. I believe there is no evidence in this record supporting an action for fraud and deceit and that the trial judge should have so held as a matter of law.

On January 1, 1979, respondent, a laundry business owner, and his twenty-two (22) year old son approached several automobile dealerships to consider purchasing a new pickup truck for use in his business. At appellant's place of business, respondent test drove a new 1978 Chevrolet Luv pickup truck. A Chevrolet Luv is a Japanese compact truck manufactured for General Motors and sold under the tradename of Chevrolet. Although the truck was a 1978 model, a 1979 sticker was inadvertently placed in the truck's back window when some options were added to it by appellant. (No 1979 compact trucks were on appellant's lot or on any other lots in the United States in January 1979 because the Japanese made trucks did not arrive until March 1979). Respondent contends he bought the 1978 truck in reliance upon appellant's alleged representation that it was a 1979 model. However, respondent signed a sales agreement which clearly stated the truck was a 1978 model. In addition, a temporary bill of sale for a 1978 truck was given to the respondent on the purchase date. The glove compartment contained a 1978 Chevrolet Luv owner's manual, and an EPA sticker on the window listed the estimated gas mileage for a 1978 truck. Later, the respondent received a South Carolina registration card for a 1978 model.

Despite the abundance of evidence indicating the truck was a 1978 model, respondent alleged that he relied upon the 1979 sticker in the back window and a representation by one of appellant's salesmen. The salesman, however, denies he represented the truck as a 1979 model; he merely represented it as a "new" truck, which it was. Respondent alleged that he first learned the truck was a 1978 model when, three months after purchase, he tried to sell it as a 1979 model. The prospective buyer immediately pointed out to the respondent a door sticker indicating the year as 1978. This suit for fraud and deceit followed.

In order to recover in an action for fraud and deceit based upon a representation, a plaintiff must prove all nine of the following elements. (1) a representation; (2) its falsity; (3)

its materiality; (4) either knoweldge of its falsity or reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; (9) the hearer's consequent and proximate injury. *M. B. Kahn Const. Co., Inc. v. S. C. Nat. Bank*, 275 S. C. 381, 271 S. E. (2d) (1980); *O'Shields v. Southern Fountain Mobile Homes, Inc.*, 262 S. C. 276, S. E. (2d) 50 (1974); *Moye v. Wilson Motors, Inc.*, 254 S. C. 471, 176 S. E. (2d) 147 (1970); *Jones v. Cooper*, 234 S. C. 477, 109 S. E. (2d) (1959). Failure to prove any one element is fatal to recovery. Fraud is never presumed, and the plaintiff assumes the heavy burden of proving it by clear, cogent, and convincing evidence. *Watson v. Wall*, 239 S. C. 109, 121 S. E. (2d) 427 (1961). Because respondent did not offer clear, cogent and convincing evidence that he had a right to rely upon the alleged representation that the truck was a 1979 model, I believe he did not meet the heavy burden, and therefore, appellant was entitled to a directed verdict.

I believe that respondent offered no evidence to prove that appellant falsely represented the truck to be a 1979 model. Nevertheless, assuming appellant did fraudulently misrepresent the truck's model, respondent's reckless disregard of his duty to avail himself of the opportunity and means at hand to protect his own interest precludes recovery. One who has signed a written instrument cannot complain of fraud in the misrepretation of the contents when the truth could have been ascertained by reading it. *Moye v. Wilson, supra; Jones v. Cooper, supra.* Respondent argued that he did not sign the temporary bill of sale; however, it was undisputed that he signed the sales agreement which clearly indicated the truck was a 1978 model. If only he had read the sales agreement, he would have ascertained the truck's model.

Besides the signed sales agreement, there was an abundance of other opportunities from which the respondent could have ascertained the truck's model. Even though the sticker in the truck's window misstated the model, the respondent cannot rely on that because the truth was easily within his reach. *O'Shields v. Southern Fountain Mobile Homes, Inc., supra;*

*Whitman v. S.A.L. Ry.*, 107 S. C. 200, 92 S. E. 861 (1917). The EPA sticker, the owner's manual, and the S. C. Registration card all correctly indicated the year as 1978.

The majority analogizes the present case with *Carroll Hotors, Inc. v. Purcell*, 273 S. C. 745, 259 S. E. (2d) 604 (1979). However, *Carroll* is in no way dispositive here. *Carroll* was an action brought for claim and delivery of an automobile sold to appellant. Appellant asserted as an affirmative defense and counterclaim a cause of action for fraud and deceit based on misrepresentation of the automobile's actual mileage. The element of fraud at issue in *Carroll* was the automobile seller's knowledge of the representation's falsity. The appellant's right to rely on the federally mandated odometer disclosure form was not seriously questioned. In the present case, the element of fraud at issue is respondent's right to rely on the representation on the window sticker when the sales agreement he signed, the EPA sticker, the owner's manual and the S. C. Registration card all indicated the truck was a 1978 model.

Under the facts of this case, I believe the respondent has no right to rely upon any alleged misrepresentation. The trial judge should have granted appellant's motion for a directed verdict. I would reverse.

GREGORY, J., concurs.