18717

William DAVIS, Appellant, v. Scott UPTON, Individually, Suburban Builders, Inc. and United Mortgagee Servicing Corporation, of which United Mortgagee Servicing Corporation is Respondent.

(157 S. E. (2d) 567)

*Messrs. Luther M. Lee and Dallas D. Ball,* of Columbia, *for Appellant,*

*Messrs. J. Lewis Cromer and Herbert W. Louthian,* of Columbia, *for Respondent, United Mortgagee Servicing Corporation,*

October 25, 1967.

Moss, Chief Justice.

This action was commenced by William Davis, the appellant herein, against United Mortgagee Servicing Corporation, the respondent herein, and Scott Upton, individually, and Suburban Builders, Inc., to recover actual and punitive damages on account of alleged fraud and deceit. The appellant alleged in his complaint that Upton, while acting individually and as agent for Suburban Builders, Inc., and one Wilson acting as agent for the respondent, told the appellant that upon his deposit of $900.00 Suburban Builders, Inc. would construct a house for him according to certain plans and specifications, and that financing would be arranged by the respondent; and in the event the house could not be built or the financing arranged the deposit would be returned, and this representation was false. The appellant alleges that he did not know the falsity of the statements and relied thereon, paying over the $900.00 as a

deposit to Wilson, who, in turn, paid it over to Upton and received a receipt therefor signed by Upton and Suburban Builders, Inc.

The respondent, by way of answer, denied all of the allegations of the complaint charging it with fraud and deceit. The respondent further alleged that the $900.00 paid by the appellant to Upton was a down payment on the contract price of a house to be constructed for him by Upton, and the only connection of this respondent to either the appellant or Upton was to process an application for a loan to finance the construction of said house.

It is admitted that Upton and Suburban Builders, Inc. did not answer the complaint and a default judgment was taken against them. Thereafter, the issues raised by the pleadings as against the respondent were tried before The Honorable John A. Mason, County Judge, and a jury. Upon the conclusion of the appellant's evidence which consisted solely of his own testimony and exhibits, the respondent moved for a nonsuit on the ground that there was no evidence of fraud and deceit upon which the jury could base a verdict in favor of the appellant against the respondent. The trial judge granted the motion and the appeal here is from such order of nonsuit.

A dismissal or nonsuit is proper when a plaintiff's evidence does not warrant a verdict in his favor. *Smalley v. Southern Ry. Co.,* 57 S. C. 243, 35 S. E. 489. The appellant having charged the respondent with fraud and deceit as the basis of his cause of action must establish such by evidence that is clear, cogent and convincing and the failure to prove any one of the elements of fraud and deceit it fatal to recovery. In order to recover in an action for fraud and deceit the appellant was required to prove that the agent of the respondent made a material representation; that it was false; that when it was made the agent knew it was false; that it was made with the intention that it should be acted upon by the appellant; that the appellant was ignorant of its falsity; that he relied on its truth; that he had

a right to rely thereon; and that he thereby suffered injury. *Jones v. Cooper*, 234 S. C. 477, 109 S. E. (2d) 5; *Parks v. Morris Homes Corporation*, 245 S. C. 461, 141 S. E. (2d) 129. The general rule is that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promies or statements as to future events. However, where one promises to do a certain thing, having at the time no intention of keeping his agreement, it is a fraudulent misrepresentation of a fact, and actionable as such. *Thomas & Howard Co. v. Fowler*, 225 S. C. 354, 82 S. E. (2d) 454. *Cook v. Metropolitan Life Ins. Co.*, 186 S. C. 77, 194 S. E. 636.

The appellant testified that his home burned and it became necessary for him to rebuild or acquire another house. To that end he contacted a realtor and he recommended that he consult with one Johnny Wilson, agent of the respondent, with regard to the construction of a new house. The appellant went to see Wilson, carrying with him a set of house plans and was told that he would have to get an estimate of the cost of construction according to the plans before the respondent could arrange a loan for him. Wilson recommended that the appellant submit his plans to Scott Upton of Suburban Builders, Inc. and the appellant did so. Thereafter, the appellant had several discussions with Upton and Wilson with regard to the construction and financing of the house. During one such conference with Upton the appellant was advised by him that a down payment would be necessary.

The appellant and Upton made an appointment with Wilson to complete negotiations concerning the construction of the house and the financing of same. Prior to the meeting which was to be held at the respondent's office, Upton informed the appellant that the deposit or down payment would be $900.00, this amount having been determined by Wilson because the income of the appellant was insufficient to qualify him for a loan in the amount necessary to construct the house. The appellant testified that he withdrew

$900.00 from his bank account and then went to the scheduled meeting with Upton and Wilson. At the meeting Wilson asked him if he had the money and the appellant gave to Wilson the $900.00, who, in turn, gave it to Upton. Wilson prepared a receipt which was signed for Suburban Builders, Inc. by Upton. The appellant testified that he was told by both Wilson and Upton that if the loan could not be made the $900.00 down payment would be refunded. A written contract was entered into between the appellant and Upton for the construction of the house for $10,600.00. Subsequently, the appellant was informed that his application for a loan had been denied, and, even though he says that he was not told why the loan was denied, he does admit that he was told he did not have enough lot upon which to build his house. The appellant then requested the return of his deposit but it was not returned to him. The appellant admits having had conversations with Wilson about the loan application being processed and being advised that it was in fact being processed. He admits that Wilson told him that his application had been "in and out of the F.H.A. four or five times". The appellant admitted that he did not know whether the respondent had processed his application for an F.H.A. loan.

Here, the evidence is susceptible of the inference that Upton and Wilson told the appellant that the $900.00 deposit made by him would be refunded if a loan could not be obtained. Unless the evidence supports the inference that Wilson had no intention of performing his promise at the time he made it, his statement would not be the representation of a fact as existing and the failure to make good that promise would be nothing more than the breach of a promise. *Livington v. Reid-Hart Parr Co.,* 117 S. C. 391, 109 S. E. 106; *Jones v. Cooper,* 234 S. C. 477, 109 S. E. (2d) 5. There is no evidence in the record from which it could be inferred that the statement made by Wilson was knowingly false and made by him with the intention of refusing to refund the deposit made by the ap-

pellant if a loan could not be obtained. The appellant's entire claim of fraud as against the respondent is based upon the fact that his deposit was not returned when it developed that his loan could not be obtained. Assuming that a contractual relation existed between the appellant and the respondent there has been no more than a breach of such contract. The mere breach of a contract does not constitute fraud. *Jones v. Cooper,* 234 S. C. 477, 109 S. E. (2d) 5. We held in the cited case the fact that a promise made in the course of negotiations is never performed, does not in and of itself constitute or evidence fraud.

It is our conclusion that the trial judge was correct in granting the motion of the respondent for a nonsuit.

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.