In re Arlene Dorothy BRUCE, Debtor.

David Kenneth Walker, Debtor.

**FIRST NATIONAL BANK OF GLENS FALLS, Plaintiff,**

v.

**Arlene Dorothy BRUCE, David Kenneth Walker, Defendants.**

**Bankruptcy Nos. 81–00254, 81–00255. Adv. Nos. 82–0006, 82–0007.**

United States Bankruptcy Court, D. Vermont.

Feb. 24, 1982.

**136**

Richard J. Wright, Poultney, Vt., for plaintiff.

John J. Welch, Jr., Rutland, Vt., for the debtors-defendants.

## MEMORANDUM AND CONCLUSIONS

CHARLES J. MARRO, Bankruptcy Judge.

These adversary proceedings on the Complaints of the First National Bank of Glens Falls filed separately against each debtor and consolidated came on for hearing, after notice.

Although not specifically alleged in the Complaints, they are apparently predicated on § 523(a)(2) which makes nondischargeable any debt for obtaining money by false pretenses, a false representation, or actual fraud on which the Plaintiff as a creditor reasonably relied.

### FACTS

On December 19, 1980, the Debtors separately made written Applications to the Plaintiff for a loan of $5,000.00 to purchase certain equipment to be used in the Ritz Theater in Granville, New York, the operation of which was taken over by the Debtors shortly before that date. This Application was processed by Arthur John Giroux, assistant manager of the Granville office of the First National Bank of Glens Falls, the plaintiff. He indicated to the Debtors that it would be necessary for them to furnish a profit and loss statement, which in fact they submitted to him. On Christmas Eve of 1980 Manager Giroux called the Debtor, Arlene ·Dorothy Bruce, by telephone and informed her that he had a Christmas present for them in that the loan for $5,000.00 had been approved but that he would need some serial numbers of the equipment.

On December 26, 1980, the Debtors brought in certain numbers for theater equipment to Manager Giroux and he prepared an installment loan note and security agreement with the collateral described. This note and security agreement were signed by the Debtors but they did not read it and were not aware that it contained the following statement:

"I am now the owner of the collateral or will become the owner upon purchase with the money from this loan."

The proceeds of the loan amounting to $5,000.00 were turned over to the Debtors and they were deposited in a checking account with the Plaintiff bank which the debtor, David Kenneth Walker, had opened with an initial deposit of $100.00. A financing statement with David K. Walker as Debtor and the First National Bank of Glens Falls as secured party was filed in the Washington County Clerk's Office in Hudson Falls, New York, on January 2, 1981. This financing statement described the collateral as "Stereo Equipment."

At the time that the loan was closed the Debtors did have some equipment in the theater, some of which was in dire need of repair. They procured serial numbers from a friend who operated a theater in Ticonderoga, New York and submitted them to the bank's manager. At the time that they procured the loan from the Plaintiff they fully intended to purchase sound and other equipment for the theater but they were going to shop around for some, soliciting the aid of their friend in Ticonderoga in making the purchase. They also intended to use part of the proceeds to get the theater in shape. They used $2,000.00 of the money borrowed for the purchase of film, fuel supplied, operation of the theater and for three payments on the loan. The balance of $3,000.00 was in their checking account until February about a month after the loan was closed and, while the Debtors were shopping around for equipment, they began to have problems with their landlord as well as the heating system. As a result they found themselves in a financial bind and had to use some of the proceeds from the loan for living expenses.

The bank manager never did inquire about the theater equipment after the loan was closed even though subsequently he had several conferences with Debtor Walker in connection with the possible procurement of a Small Business Administration loan.

The amount due is $5,307.68.

## MEMORANDUM AND CONCLUSIONS

The Plaintiff seeks to bring itself within the exception from the discharge provided in § 523(a)(2)(A) which requires a showing that the Debtors obtained money or property by false pretenses or false representations. The frauds included under the aforesaid section are those which in fact involve moral turpitude or intentional fraud; fraud implied in law which may exist without imputation of bad faith or immorality is insufficient. It must further affirmatively appear that such representations were knowingly and fraudulently made and that they were relied upon by the Plaintiff. 3 Collier 15th Edition 523–39 § 523.08.

See also *In re Thomas*, 12 B.R. 765 (Bkrtcy.Ga.); *In re Brown*, 6 C.B.C. 679, 682. And in *Ames v. Moir*, 138 U.S. 306, at page 311, 11 S.Ct. 311, at page 312, 34 L.Ed. 951, the Court said:

"It is the settled doctrine of this court that fraud in the act of Congress defining the debts from which a bankrupt is not relieved by a discharge in bankruptcy means 'positive fraud, or fraud in fact involving moral turpitude or intentional wrong, as does embezzlement, and not implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality.' *Neal v. Clark*, 95 U.S. 704, 709 [24 L.Ed. 586]; *Wolf v. Stix*, 99 U.S. 1, 7 [25 L.Ed. 309]; *Hennequin v. Clews*, 111 U.S. 676, 682 [4 S.Ct. 576, 579, 28 L.Ed. 565]; *Strang v. Bradner*, 114 U.S. 555, 559 [5 S.Ct. 1038, 1040, 29 L.Ed. 248]; *Noble v. Hammond*, 129 U.S. 65, 69 [9 S.Ct. 235, 237, 32 L.Ed. 621]; *Upshur v. Briscoe*, post [138 U.S. 365, 11 S.Ct. 313, 34 L.Ed. 931]."

Further, the fraud contemplated within the dischargeability exception must be proven by clear and convincing evidence. *Oriel v. Russell*, 278 U.S. 358, 362, 49 S.Ct. 173, 174, 73 L.Ed. 419; *In Re Barlick*, 1 B.C.D. 412, 418; *In Re Brown*, 6 C.B.C. 679, 683; *In Re Tomeo*, 1 B.R. 673 (Bkrtcy.Pa.).

The Court is convinced that the Plaintiff has not sustained its burden of proof. The manager of the bank did testify that the loan was made for the purchase of

theater equipment, that he would not have otherwise made the loan, and that he relied on the representation of the Debtors that in fact the proceeds of the loan were to be used for the purchase of such equipment. Yet he approved the loan on Christmas Eve before it was closed on the following day indicating to Debtor, Arlene Dorothy Bruce, that such approval was a Christmas present for the debtors. He did actually request numbers for the equipment yet he never afterwards made any inspection or inquired about its operation. It is also unusual that a banker who usually exercises an over-abundance of caution in making loans did not request the invoices for the equipment. Under the circumstances it is extremely doubtful that he reasonably relied upon the representations of the Debtors.

On the other hand the testimony was clear that at the time that the Debtors applied for the loan and also when the loan was closed, they did intend to buy some equipment for the theater. Unfortunately, financial reverses ensued by way of problems with the lease and the heating system. Even at this they were negotiating for the purchase of theater equipment and seeking the advice of one of their friends who was a theater operator in Ticonderoga, New York. At the hearing they testified that they had no intent to deceive the bank. Although these were self-serving declarations, the Court is convinced from their appearance on the stand that they were telling the truth.

In addition, any doubt should be resolved in favor of the debtors bearing in mind that the basic purpose of the Bankruptcy Act is to give the debtor a "new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt..." *Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 114, 27 L.Ed.2d 124 (1970); *In re Busatt*, No. 73–B–5 (E.D.N.Y. July 10, 1973); *In re Fuhrman*, No. BK–72–756 (W.D.N.Y. Nov. 2, 1972).

It is also noted that exceptions to discharge should be construed in favor of the bankrupt so far as reasonable. *Gleason*

*v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717.

It follows that the Complaint should be dismissed.