0134

Ronald RAY, Appellant, v. SOUTH CAROLINA NATIONAL BANK, INC., Wayne Hayes and Hayes Home Improvement Construction Company, Inc., of whom South Carolina National Bank, Inc., is Respondent.

James D. EDWARDS, Appellant, v. SOUTH CAROLINA NATIONAL BANK, INC., Wayne Hayes and Hayes Home Improvement Construction Company, Inc., of whom South Carolina National Bank, Inc., is Respondent.

(314 S. E. (2d) 359)

Court of Appeals

*Marvin P. Jackson, Jr.*, Florence, *for appellant.*

*Mark W. Buyck, Jr.*, Florence, *for respondent.*

March 26, 1984.

SHAW, Judge:

The appellants-Ray and Edwards instituted this action under Code Section 15-53-10 *et seq.* seeking a declaratory judgment that they are not liable on the notes in question. The respondent-South Carolina National Bank (SCN) counterclaimed for judgment on the notes executed by Ray and Edwards to SCN. SCN's motion for summary judgment was granted by the Circuit Judge. We affirm.

During 1979, one Wayne Hayes, a construction contractor, attempted to obtain a loan from SCN. Hayes' attempts failed. Ray and Edwards then intervened on Hayes' behalf. Ray and Edwards both obtained loans from SCN and signed, in their own names alone, separate, unsecured promissory notes. The money received by Ray and Edwards was given to Hayes to finance certain construction contracts.

Both Ray and Edwards allege as part and parcel of the notes that SCN orally agreed to look primarily to these construction contracts for repayment of the loans, to keep both of them informed as to the status of these contracts, to collect the funds from these contracts in a diligent manner, and to notify them if any problem developed so that Ray and Edwards would have an opportunity to protect their interests. The two further allege that SCN has not performed the oral part of the agreement and that, as a result, they are entitled to a declaratory judgment relieving them from all liability under the notes.

SCN denies the existence of this oral agreement and asks that the notes be enforced.

A motion for summary judgment is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Circuit Court Rule 44(c); *Jenkins Realty v. Hilton*, 278 S. C. 624, 300 S. E. (2d) 594 (1983). In determining whether there exist triable issues of fact, all ambiguities, conclusions and inferences arising in and from the evidence must be construed most strongly against the movant for summary judgment. *Eagle Construction Co. v. Richland Construction Co.*, 264 S. C. 71, 212 S. E. (2d) 580 (1975); *William v. Chesterfield Lumber Co.*, 267 S. C. 607, 230 S. E. (2d) 447 (1976).

The Circuit Judge ruled that the notes are clear and unambiguous on their face and therefore speak for themselves. The alleged oral agreement was held to be inadmissible under the parol evidence rule. Where the terms of a written instrument are unambiguous, clear and explicit, extrinsic evidence of statements of any of the parties to it, made contemporaneously with or prior to its execution, is inadmissible to contradict, add to, subtract from, vary or explain its terms, in the absence of fraud, accident or mistake in its procurement. *Proffit v. Sitton*, 244 S. C. 206, 136 S. E. (2d)

257 (1964); *Charleston & W. C. Ry. Co. v. Joyce*, 231 S. C. 493, 99 S. E. (2d) 187 (1957); *McLeod v. Sandy Island Corp.*, 265 S. C. 1, 216 S. E. (2d) 746 (1975). See also *Suttles v. Wood*, 312 S. E. (2d) 574 (S. C. App. 1984).

Ray and Edwards argue that their testimony concerning the oral agreement is admissible because the agreement induced the execution of the notes. In support of this proposition, they cite the case of *Gantt v. Van der Hoek*, 251 S. C. 307, 162 S. E. (2d) 267 (1968), which states:

> [I]t is proper to admit testimony in proof of a contemporaneous or independent agreement on the same subject matter, the meaning of which is not at variance with the principal agreement. Especially is this true when the purpose of such contemporaneous or independent agreement was to induce the execution of and entering into the principal agreement. 251 S. C. at 317-318, 162 S. E. (2d) at 272.

There is no question that parol evidence is competent to show a distinct and independent agreement entered into between the parties to a written contract at the same time so long as the oral agreement does not contradict or vary the written one. *Virginia-Carolina Chemical Co. v. Moore*, 61 S. C. 166, 39 S. E. 346 (1901); *Ballenger v. Macauley*, 159 S. C. 389, 157 S. E. 141 (1931).

However, the trial judge ruled correctly. In an action on a promissory note where parol evidence is sought to be introduced to the effect that the maker is not to be liable under certain conditons, the introduction of such evidence violates the rule against parol evidence and is, therefore, not admissible. *Gunter, Inc. v. Hindman*, 175 S. C. 436, 179 S. E. 494 (1935); *Conran v. Yager*, 263 S. C. 417, 211 S. E. (2d) 228 (1975). *See also Bennett v. Adel Banking Co.*, 144 Ga. App. 282, 241 S. E. (2d) 23 (1977).

Even assuming, for purposes of summary judgment, the existence of the oral, collateral agreement, Ray and Edwards would still not prevail. Generally, a written contract is binding as against a claimed contemporaneous oral agreement which would modify or vary it. *Biggs v. Moll*, 463 S. W. (2d) 881 (Mo. 1971). A promissory note is an unconditional obligation, sufficient in itself to support a cause of

action. *Tatum v. Bank of Cumming,* 135 Ga. App. 675, 218 S. E. 677 (1975). An oral agreement between the parties, made contemporaneously with the execution of the note or prior thereto, relating to condition not expressed in the note is incompetent to change the contract as represented on the face of the note. *Whiteside v. Douglas County Bank,* 145 Ga. App. 775, 245 S. E. (2d) 2 (1978); *Curtis v. First National Bank,* 158 Ga. App. 379, 280 S. E. (2d) 404 (1981).

Here, Ray and Edwards were the only persons who signed the notes. The notes are clear, unambiguous, and properly executed. There is no evidence of fraud, accident, or mistake. Construing all inferences arising from the evidence in the light most favorable to Ray and Edwards still produces no genuine issue as to material fact. *Marchant v. Lorain Division of Koehring,* 272 S. C. 243, 251 S. E. (2d) 189 (1979). Accordingly, the judgment below is

Affirmed.

BELL and GOOLSBY, JJ., concur.