In re Joel S. MARKS, Debtor,

Ted FINE and Jeannette Fine, Plaintiffs,

v.

Joel S. MARKS, Defendant.

In re Samuel B. MARKS and Gertrude L. Marks, Debtors,

Ted FINE and Jeannette Fine, Plaintiffs,

v.

Samuel B. MARKS and Gertrude L. Marks, Defendants.

Bankruptcy Nos. 83–00693, 83–00694. C–83–0742, C–83–0743.

United States Bankruptcy Court, D. South Carolina.

April 10, 1984.

Clay D. Brittain, III, Columbia, S.C., for plaintiffs.

Reid B. Smith, Columbia, S.C., for defendants.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The matter before the court is the plaintiff's motion for summary judgment in an adversary proceeding in which they seek the determination of the dischargeability of a debt owed to them by the debtors.

The debt is based upon the judgment of a Florida state court which determined that the debtor "misled, concealed, misrepresented and/or fraudulently induced" plaintiffs to purchase two warehouses located in the State of Florida.

Plaintiffs have moved for summary judgment on the issue of nondischargeability contending that there is no genuine issue as to any material fact "regarding the plaintiffs' allegations that the debt, charges, costs, and interest owed to the plaintiffs by the defendants were obtained when the defendants misled, concealed, misrepresented and/or fraudulently induced the plaintiffs into the purchase of two warehouse properties, ...".

At the hearing on the Plaintiffs' Motion for Summary Judgment, the plaintiffs' attorney introduced a Request for Admission wherein the defendant admitted that "Exhibit A" of that Request for Admission was a true, accurate and correct copy of a final judgment entered against the debtors in the State of Florida.

Relying on this exhibit to establish that there are no genuine issues of material fact, plaintiffs seek summary judgment. The defendants also rely on this exhibit to rebut the plaintiffs' contention that they are entitled to summary judgment.

■ The plaintiffs, conceding that the doctrine of *res judicata* [1] does not apply here, contend that collateral estoppel does apply to the extent that the findings of fact of the state court have such preclusive effect as to mandate summary judgment.

## ISSUE

The issue here is whether the Florida state court judgment based on that court's findings of fact of fraud or misrepresentation estops further litigation on those issues in a dischargeability case in the Bankruptcy Court for the District of South Carolina. We hold that it does not.

## DISCUSSION

■ While F.R.Civ.P. 56 (Summary Judgment) is a useful tool for avoiding unnecessary trials, there are strict limitations on its use. The moving party must establish its right to judgment so clearly that it can be determined that the opposing party would not be entitled to relief under any circumstances. *Robert Johnson Grain Co. v. Chemical Interchange Co.,* 541 F.2d 207 (8th Cir.1976). Summary judgment is inappropriate if there remains a genuine issue of material fact. *Clark v. Volpe,* 481 F.2d 634 (4th Cir.1973).

■ In an action for the denial of discharge on the basis of fraud, a finding made by a state court on the issue of fraud and/or misrepresentation does not necessarily preclude litigation in the bankruptcy court on the issue of dischargeability of a debt. Under appropriate facts, the Bankruptcy Court may not necessarily be precluded by collateral estoppel from relitigating issues decided by a judgment obtained against the debtor. See *In re Pigge,* 539 F.2d 369 (4th Cir.1976) and *First National Bank v. Grainger (In re Grainger),* 20 B.R. 7 (Bkrtcy.D.S.C.1981).

11 U.S.C. § 523 gives the Bankruptcy Court exclusive jurisdiction over actions to determine the dischargeability of a debt. 3

---

1. The rules of *res judicata,* as the term is sometimes sweepingly used, actually comprise two doctrines concerning the preclusive effect of a prior adjudication. The first such doctrine is "claim preclusion", or true *res judicata.* * * * The second doctrine [is] collateral estoppel or "issue preclusion." *Kaspar Wire Works, Inc. v. Leco Engr'g & Mach., Inc.,* 575 F.2d 530, 535–536 (5th Cir.1978). *See also, Migra v. Warren City Sch. Dist. Bd. of Educ.* —— U.S. ——, n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); and Restatement (Second) of Judgments, Introductory Note before Ch. 3 (1982). 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4402 (1981).

*Collier on Bankruptcy,* ¶ 523.11, at 523–66 (15th Ed.1982); *U.S. Life Title Insurance Co. v. Wade (In re Wade),* 26 B.R. 477 (Bkrtcy.N.D.Ill.1983). Plaintiffs, however, contend that the Florida State Court judgment necessitates a finding by this Court that the debt is nondischargeable.

Whether a prior State Court judgment may be used in a dischargeability proceeding to establish facts by collateral estoppel has been addressed in several bankruptcy decisions. See, *e.g., Berkfield v. Goodman (In re Goodman),* 25 B.R. 932 (Bkrtcy.N.D. Ill.1982); *Harb v. Toscano (In re Toscano),* 23 B.R. 736 (Bkrtcy.D.Mass.1982); *North Central Wool Marketing Corp. v. Carothers (In re Carothers),* 9 B.C.D. 680, 22 B.R. 114 (Bkrtcy.D.Minn.1982); *Revelle Motors, Inc. v. Spector (In re Spector),* 22 B.R. 226 (Bkrtcy.N.D.N.Y.1982); *Manning v. Iannelli (In re Iannelli),* 12 B.R. 561 (Bkrtcy. S.D.N.Y.1981); *First National Bank v. Grainger (In re Grainger),* 20 B.R. 7 (Bkrtcy.D.S.C.1981); *Long v. Trewyn (In re Trewyn),* 12 B.R. 543 (Bkrtcy.W.D.Wis. 1981); also see Millhiser, Thomas McN. *Res Judicata and Collateral Estoppel in Bankruptcy Discharge Proceedings.* 37 W & L L.Rev. 281 (1980).

■ Collateral estoppel applies when:

1. the issue sought to be precluded is the same as that involved in the prior action;

2. the issue has been actually litigated;

3. the issue has been determined by a valid and final judgment; and

4. the determination was essential to the final judgment.

*Carothers,* 22 B.R. at 119; *Ianelli,* 12 B.R. at 563; *Millhiser,* at 282–3.

Although the issue in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) involved *res judicata* and the effect of a prior state court judgment in an action for denial of discharge, the court addressed the collateral estoppel issue, stating that "[i]f in the course of adjudicating a state law question, a state court should determine factual issues using *standards identical to those of § 17,* then collateral estop-

pel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." (emphasis added). *Id.* at 139 N. 10, 99 S.Ct. at 2213 N. 10. Section 17 of the Bankruptcy Act is the predecessor of § 523 of the Bankruptcy Code.

■ This identity of standards test has not been met in the instant proceeding. The elements of fraud in a proceeding, under 11 U.S.C. § 523(a)(2)(A), to determine the dischargeability of a debt are comparable to the elements of common law fraud in the State of Florida; however, the standard of proof in a proceeding to determine, under 11 U.S.C. § 523(a)(2)(A), the dischargeability of a debt differs from the standard of proof in a fraud case under the common law of the State of Florida.

The rationale of *Brown* with its identity of standards test has been widely applied to 11 U.S.C. § 523(a)(2) cases. *See e.g., In re Goodman,* 25 B.R. at 938; *In re Spector,* 22 B.R. at 231; *In re Supple,* 14 B.R. 898 (Bkrtcy.D.Conn.1981). In *Brown,* the United States Supreme Court held that "the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceeding when considering the dischargeability of [a] debt." See *id.* at 138–39, 99 S.Ct. at 2212–13.

**A.**

This court has held that all nine common law elements of fraud must be met in a denial of discharge action based on § 523(a)(2)(A).

In order to recover in this cause of action for fraud and deceit, the plaintiff must prove that the defendant made a material representation; that it was false; that when it was made the defendant knew it was false; that it was made with the intention that it should be acted upon by the plaintiff; that plaintiff was ignorant of its falsity; that he relied on its truth; that he had a right to rely thereon; and, that he thereby suffered injury.

*Sylvester v. Stone (In re Stone),* 11 B.R. 209, 212 (Bkrtcy.D.S.C.1981), citing *Davis*

*v. Upton*, 250 S.C. 288, 157 S.E.2d 567 (1967).

*Amazon v. Davidson*, 390 So.2d 383 (Fla. App.1980) sets forth the Florida common law elements of fraud. These elements are: (1) a false statement concerning a specific material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the other party acting in reliance on the representation.

Plaintiffs contend that although the elements of fraud, required by Florida law, are not identical to those set forth in *Stone*, they should be used to determine the issue of fraud as it relates to the dischargeability issue in the bankruptcy proceeding.

The debtors do not agree. They argue that the standards enunciated in *Stone* must be met in a § 523(a)(2)(A) dischargeability action in this court, when the basis of that action is fraud.

Even though four, five, or nine part tests are analytically helpful to courts and attorneys, this court is of the opinion that the elements of fraud need not be identical in number to be identical in nature. To hold that a finding of fraud based on five elements is less valid than one based on nine elements is to elevate form over substance and over-analyze the problem.

In this case the findings of the Florida court are sufficient to satisfy the requirements of this court as to fraud, as well as the identity of standards test of *Brown*.

### B.

■ The standard of proof required for a determination of dischargeability under § 523 is that of clear and convincing proof. This standard has been clearly established by numerous cases deciding this issue. *E.g., First National Bank of Glens Falls v. Bruce (In re Bruce)*, 18 B.R. 135 (Bkrtcy.D.Vt.1982), citing *Oriel v. Russell*, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419 (1929); *Sylvester v. Stone (In re Stone)*, 11 B.R. 209 (Bkrtcy.D.S.C.1981); *Toscano*, 23 B.R. at 739; *Ianelli*, 12 B.R. at 564; *Trew-yn*, 12 B.R. at 545; *Grainger*, 20 B.R. at 10; *Carothers*, 22 B.R. at 120.

■ The reason for requiring a higher standard of proof when dishonesty or fraud is at issue is that one of the purposes of the bankruptcy laws is to relieve an honest debtor from the weight of oppressive indebtedness, *In re Huff*, 1 B.R. 354, 356 and 357 (Bkrtcy.N.D.Utah 1979), citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Pursuant to a "fresh start" policy, exceptions to discharge should be construed in favor of the bankrupt. *Huff*, 1 B.R. at 357, citing *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915).

■ The standard of proof required by the Florida court in the fraud action was "greater weight of the evidence." The Florida Court found that the plaintiff had proven its case by the "greater weight of the evidence". This standard is the same as "preponderance of the evidence." *Black's Law Dictionary*, 1344 (4th ed. 1968).

Since the standard of proof required by this court for determination of dischargeability under § 523(a)(2)(A) is different from the standard of proof applied by the Florida court in the common law fraud case, collateral estoppel is not appropriate because the standard of proof for dischargeability "must not only preponderate, it must be clear and convincing." *Carothers*, 22 B.R. at 120.

In *In re Spector*, 22 B.R. 226 (Bkrtcy.N.D.N.Y.1982), it was held that collateral estoppel was inapplicable to the issue of fraud because reasonable doubt existed as to whether the state court used the identical standard of proof for a finding of fraud as that required by the Bankruptcy Code.

In *In re Goodman*, 25 B.R. 932 (Bkrtcy.N.D.Ill.1982), a case involving the same issue as that presented here, the court held that none of the principles of full faith and credit, *res judicata*, or collateral estoppel required that a California default judgment determining the debtors' liability for fraud be given preclusive effect in a bankruptcy

dischargeability proceeding. The court stated that:

> [t]he bankruptcy court as the forum court has an overriding policy to be the only court empowered to decide the issue of dischargeability. Moreover, the California judgment is not directly applicable to the proceeding herein because the California court decided only the issue of liability based on fraud, not the issue of the dischargeability of a debt.

*Goodman,* 25 B.R. at 937.

## CONCLUSION

The plaintiffs, having the burden of proving the issue of fraud under 11 U.S.C. § 523(a)(2)(A) by clear and convincing evidence, *Stone,* 11 B.R. at 211, have not established that they were required by the Florida court to meet this standard of proof. Thus, the elements necessary for the application of collateral estoppel have not been met. The plaintiffs, therefore, are not entitled to judgment as a matter of law on the nondischargeability of the alleged debt.

## ORDER

For the foregoing reasons, the plaintiffs' motion for summary judgment is denied.