In re Robert L. MILLER and Lucy S.
Miller, d/b/a Circle M.
Farms, Debtors,

NEWBERRY FEED AND FARM
CENTER, INC., Plaintiff,

v.

Robert L. MILLER and Lucy S. Miller,
d/b/a Circle M. Farms and L. Winston
Lee, Trustee In Bankruptcy, Defend-
ants.

Bankruptcy No. 83–00855.
Complaint No. 85–0046.

United States Bankruptcy Court,
D. South Carolina.

Oct. 10, 1985.

Joseph W. Hudgens, Pope & Hudgens,
P.A., Newberry, S.C., for plaintiff.

Louis G. Sullivan, II, Anderson, S.C., for
defendants debtors.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy
Judge.

In this adversary proceeding Newberry
Feed and Farm Center, Inc. seeks a deter-
mination that certain debts owed to it by
the debtors, Robert L. Miller and Lucy S.
Miller, d/b/a Circle M Farms, are nondis-
chargeable pursuant to 11 U.S.C.
§ 523(a)(2).

## FACTS

The debtors filed their petition for relief
under Chapter 13 of the Bankruptcy Code

(11 U.S.C. § 101, *et seq.*)[1] on May 31, 1983. The case was converted to Chapter 7 on December 5, 1984.

The plaintiff is engaged in the business of selling dairy feed in Newberry, South Carolina.

During January 1984, Robert L. Miller came to the plaintiff's facilities inquiring about the availability, price, and kind of dairy feed sold by the plaintiff.

Although the defendant did not place an order for dairy feed at the plaintiff's facilities, he subsequently ordered by telephone 6.017 tons of dairy feed, the total price of which was $1,233.24.

On January 10, 1984, when the plaintiff delivered the ordered feed to the debtors' farm, Lucy S. Miller gave the plaintiff's delivery person a check for the full amount of the order.

The plaintiff deposited the check in its account at Bankers Trust in Newberry, South Carolina; however, the check was returned for insufficient funds.

Thereafter, the plaintiff gave notice to the debtor, Robert L. Miller, of the returned check and demanded payment.

The debtor has refused to respond to such notice and demand. The check has not been paid.

### ISSUE

Was the issuance of the check such fraud as to prevent discharge of the debt?

### DISCUSSION AND CONCLUSION

■ Even though this claim arose after the order for relief in the Chapter 11 case and prior to the conversion, under § 1112, to a Chapter 7 case, § 348(d) calls for the claim to be treated for all purposes as if it had arisen immediately before the date of the filing of the Chapter 11 petition. *In re Gelfand*, 47 B.R. 876 (Bankr.E.D.Pa.1985).

■ For a claim to be nondischargeable on the basis of fraud or false representation, the creditor must show that the debt-

or intended to deceive and knowingly and fraudulently made representations upon which the creditor relied to his detriment. The creditor, having charged the debtor with fraud and deceit, must prove these through clear, cogent and convincing evidence. *In re Stone*, 11 B.R. 209 (Bankr.D. S.C.1981); *In re Tabers*, 28 B.R. 679 (Bankr.W.D.Ky.1983).

The failure to prove one of the elements of fraud and deceit is fatal to recovery. *Davis v. Upton*, 250 S.C. 288, 157 S.E.2d 567 (1967).

As stated in *Matter of Lawrence*, 1 B.R. 402 (Bankr.S.D.N.Y.1979), "Fraud cannot be presumed. It must be proven, and if there is left room for the inference of an honest intent, the proof of fraud is wanting."

■ In this case, the plaintiff has failed to satisfy its burden of proof. *In re Stone*, *supra*. Plaintiff has not convinced the court that the debtor knowingly and fraudulently represented the fact that his check was good. *In re Stone, supra.*

In order to meet its burden of proof, plaintiff would have to show that debtor knew that there was not enough money in his account, and that he intentionally misled plaintiff into believing that there was. *In re Hunt*, 30 B.R. 425 (Bankr.M.D.Tenn. 1983). However, the plaintiff did not do this.

Plaintiff would have the court rely on S.C.Code § 34–11–70 (1976, as amended) which states, in pertinent part:

> When any check, draft, or other order is not paid by the drawee because the maker or drawer did not have an account with or sufficient funds on deposit with the bank ... and the maker or drawer of such check, draft, or other written order fails to pay the amount due thereon ... within fifteen days after written notice has been sent by certified mail ... then such check shall constitute prima facie evidence of fraudulent intent against the maker.

1. Further reference to the Bankruptcy Code shall be by section number only.

However, under § 523(a)(2)(A), "a false misrepresentation or false pretense must be of a kind involving moral turpitude or intentional wrong. Fraud implied in law which may exist without imputation of bad faith or immorality is insufficient." *In re Green*, 5 B.R. 247, 249 (Bankr.N.D.Ga. 1980), citing *Sanitation Recycling, Inc. v. Jay Peak Lodging Association, Inc.*, 428 F.Supp. 1022 (D.Vt.1977); 3 *Colliers on Bankruptcy* ¶ 523.08[4] at 523–39 (15th ed.).

The creditor has failed to prove by clear, cogent and convincing evidence that the debtor committed fraud in this transaction. Thus, this court concludes that the debt is dischargeable.

### ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that:

The debt of the debtor to Newberry Feed and Farm Center, Inc. in the amount of $1,233.24 is dischargeable.