2251

Floyd HANSEN, Appellant v. DHL LABORATORIES, INC., John F. Ladley and R.S. Dickson & Co., d/b/a Ruddick Investment Co., and R. Stuart Dickson, Defendants, Of Whom DHL Laboratories, Inc., is Respondent.

(450 S.E. (2d) 624)

Court of Appeals

*G. Randall Taylor,* of *Butler, Means, Evins & Browne,* Spartanburg, *for appellant.*

*William U. Gunn,* of *Holcombe, Bomar, Cothran & Gunn,* Spartanburg, *for respondent.*

Heard Oct. 4, 1994.

Decided Oct. 31, 1994; Reh. Den. Dec. 6, 1994.

HOWELL, Chief Judge:

Floyd Hansen appeals from an order granting partial summary judgment in favor of DHL Laboratories, Inc. (DHL) on DHL's action to collect certain promissory notes signed by Hansen. We affirm.

## I.

Hansen was a shareholder and President of DHL. After DHL removed Hansen as President and Chairman of the Board in 1991, Hansen brought suit against DHL, alleging, *inter alia*, breach of contract and tortious interference with a contractual relationship. In its answer, DHL raised counterclaims seeking judgment on four promissory notes given by Hansen to DHL. In his reply and during discovery, Hansen admitted signing the notes, but claimed that the loan proceeds were really additional compensation structured as loans to avoid tax liability. Hansen claimed that there was never any intention that he repay the notes.

DHL moved for summary judgment as to its counterclaim, supporting its motion with Hansen's deposition and his responses to DHL's Requests to Admit. DHL argued that any evidence Hansen may have to show that the loans were disguised compensation was inadmissible under the parol evidence rule. Hansen contended that his evidence was admissible as evidence of fraudulent inducement, an exception to the parol evidence rule.

By order dated October 15, 1993, the court granted partial summary judgment in favor of DHL. The court held that Hansen did not properly plead the required elements of fraud in his original reply or in his amended reply. In addition, the court characterized Hansen's claims as alleging a promise by DHL not to collect the notes in the future. Because fraud cannot be predicated on unfulfilled promises, the court held that Hansen's allegations did not amount to fraud as a matter of law. Hansen's evidence that the loans were disguised compensation and that he had no obligation to repay the loans was therefore inadmissible under the parol evidence rule. The court granted DHL summary judgment on three of the four notes.[1]

---

[1] The court held that DHL's claim on one of the notes appeared to be barred by the statute of limitations, and denied summary judgment as to that note. The court found that of the three notes on which summary judgment was granted, one was governed by North Carolina law. As to that note, the court found that summary judgment was proper under North Carolina law.

## II.

On appeal, Hansen argues that his pleadings and deposition, as well as his affidavit submitted to the court at the summary judgment hearing, show that DHL fraudulently induced him to sign the promissory notes, thus creating an exception to the parol evidence rule. Hansen argues that because DHL did not submit any affidavits contradicting Hansen's claims, summary judgment was inappropriate. The lower court held, however, that Hansen's allegations did not amount to fraud as a matter of law, and that the parol evidence rule barred any evidence contradicting the terms of the promissory notes. We agree.

Generally, the parol evidence rule prohibits the admission of evidence to contradict or add to the terms of a clear and unambiguous contract. *Allen-Parker Co. v. Lollis*, 257 S.C. 266, 185 S.E. (2d) 739 (1971); *Ray v. South Carolina Nat. Bank*, 281 S.C. 170, 314 S.E. (2d) 359 (Ct. App. 1984); However, "if the writing was procured by words and with a fraudulent intent of the party claiming under it, then parol evidence is competent to prove the facts which constitute the fraud." *Lollis*, 257 S.C. at 272, 185 S.E. (2d) at 742. Therefore, if Hansen's pleadings raise an issue of fraudulent inducement, parol evidence would be admissible to show that he was not liable on the notes.

We agree with the trial court that Hansen's allegations do not amount to fraud as a matter of law. To be actionable, a fraudulent misrepresentation must relate to a pre-existing fact. Unfulfilled promises or statements as to future events do not amount to fraud. *Moye v. Wilson Motors, Inc.*, 254 S.C. 471, 176 S.E. (2d) 147 (1970); *Davis v. Upton*, 250 S.C. 288, 157 S.E. (2d) 567 (1967). However, if at the time the promise is made, the party making the promise has no intention of keeping it, the promise then amounts to an actionable fraudulent misrepresentation of fact. *Moye*, 254 S.C. at 480-81, 176 S.E. (2d) at 152; *Davis*, 250 S.C. at 292, 157 S.E. (2d) at 568.

In his first reply to DHL's counterclaims, Hansen stated that, as to each note:

> Plaintiff [Hansen] would further show that DHL intended Plaintiff to have the funds represented by the

said note as additional compensation and that the transaction was structured as a loan so as to minimize or eliminate income tax liability for Plaintiff. Plaintiff would further show that it was the intention of the parties that Plaintiff would not be required to repay the purported indebtedness evidenced by the said note.

In his affidavit submitted in opposition to DHL's summary judgment motion , Hansen stated:

4. Specifically, all sums of money paid to me pursuant to any promissory notes . . . were intended as additional compensation to me for services rendered and were in lieu of any salary, salary increases or bonuses.

5. It was the understanding, agreement and intention of all concerned that all monetary payments to me pursuant to any promissory notes were in lieu of salary increases and/or bonuses and were set up as loans simply for tax reasons.

At the summary judgment hearing, DHL argued that Hansen's evidence was inadmissible under the parol evidence rule. It was then that Hansen first raised the fraud exception to the parol evidence rule. After the hearing, and without leave of the court, Hansen submitted a pleading purporting to be an amended reply. In this amended reply, Hansen changed his allegations slightly, stating that:

Plaintiff [Hansen] would further show that DHL represented to Plaintiff that the funds represented by the said note were additional compensation and that the transaction was structured as a loan so as to minimize or eliminate income tax liability for Plaintiff. Plaintiff would further show that he was fraudulently induced into signing the promissory note as a result of the Defendant's promise that Plaintiff would not be required to pay the purported indebtedness evidenced by the said note.

The conduct Hansen describes simply does not amount to fraud. All the evidence before the court shows is that DHL made a promise to Hansen and the promise has not been kept. There is no allegation or indication that DHL did not intend

to keep the promise at the time it was made.[2] While DHL may have breached a promise to Hansen, a breach of promise alone does not constitute fraud. *Davis*, 250 S.C. at 292-93, 157 S.E. (2d) at 569. Therefore, when viewed in the light most favorable to him, Hansen's claim as à matter of law does not raise an issue of fraud.

As to the note governed by North Carolina law,[3] Hansen likewise has not stated a defense of fraudulent inducement. North Carolina law on this point is essentially the same as South Carolina law—evidence of fraudulent inducement is an exception to the parol evidence rule. *See Fox v. Southern Appliances, Inc.*, 264 N.C. 267, 141 S.E. (2d) 522 (19656) (parol evidence is admissible to show that a written contract was procured by fraud); *accord Chapel Hill Spa Health Club, Inc. v. Goodman*, 90 N.C. App. 198, 368 S.E. (2d) 60 (Ct. App. 1988). However, an unperformed promise does not constitute fraud absent evidence that the promisor did not intend to keep the promise at the time he made it. *Britt v. Britt*, 320 N.C. 573, 359 S.E. (2d) 467 (1987), *overruled in part on other grounds, Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 374 S.E. (2d) 385 (1988). Thus, under North Carolina law, Hansen's claim does not amount to fraud.

Summary judgment is appropriate only when it is clear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Cafe Associates, Ltd. v. Gerngross*, 305 S.C. 6, 406 S.E. (2d) 162 (1991). A genuine issue of fact, however, can be created only by evidence which would be admissible at trial. Rule 56(e), SCRCP; *Englert, Inc. v. The Netherlands Ins. Co.*, — S.C. —, 433 S.E. (2d) 871 (Ct. App. 1993); *Old Southern Life Ins. Co. v. Ban of North Carolina, N.A.*, 36 N.C. App. 18, 244 S.E. (2d) 264 (Ct. App. 1978) (to defeat summary judgment, party opposing the motion must present competent evidence which would be admissible at trial which shows that a genuine issue

---

[2] In fact, Hansen's initial reply and his affidavit are completely inconsistent with his fraudulent inducement allegation. Hansen states in his affidavit that it was the "intention of all concerned" that he would not be required to repay the notes. If DHL intended at the time to follow through on its promise to Hansen, then there was no fraudulent inducement.

[3] We note that neither party challenged the lower court's application of North Carolina law.

of fact exists); *Emerson v. Great Atl. & Pac. Tea Co., Inc.*, 41 N.C. App. 715, 255 S.E. (2d) 768 (Ct. App., *review denied*, 298 N.C. 202 (1979). Because the conduct complained of by Hansen does not amount to fraud, there is no applicable exception to the parol evidence rule. Hansen's evidence of the nature of the loan transactions contradicts the clear and unambiguous language of the promissory notes and is therefore inadmissible under the parol evidence rule. *Ray v. South Carolina Nat. Ban*, 281 S.C. 170, 314 S.E. (2d) 359 (Ct. App. 1984); *Bank of Varina v. Slaughter*, 250 N.C. 355, 108 S.E. (2d) 594 (1959) (parol evidence inadmissible to show that defendants would not be liable on promissory note executed by defendants). Without Hansen's evidence of the nature of the loan transactions, there is no genuine issue of material fact—Hansen admitted signing the promissory notes, and those notes have not been paid. Summary judgment was therefore proper. *See Moss v. Porter Bros., Inc.*, 292 S.C. 444, 357 S.E. (2d) 25 (Ct. App. 1987) (summary judgment proper in contract action where affidavits submitted in opposition contained evidence inadmissible under the parol evidence rule).

### III.

Moreover, even if DHL's conduct did amount to fraud, we agree with the trial court that Hansen's reply does not sufficiently set forth the elements of fraud. To establish fraud, the following elements must be shown: (1) a representation; (2) the falsity of the representation; (3) the materiality of the representation; (4) knowledge of its falsity, or reckless disregard for its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of the falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Ardis v. Cox*, — S.C. —, —, 431 S.E. (2d) 267, 269 (Ct. App. 1993), *cert. denied* (April 8, 1994). Failure to allege all elements is fatal to a claim of fraud. *Id.* In addition, our rules of civil procedure require that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b), SCRCP. Hansen did not allege all the required elements of fraud, omitting, *inter alia*, any allegation that DHL intended Hansen to rely on its representation, or that Hansen was en-

titled to rely on DHL's representation. Further, Hansen did not support his allegations with sufficient facts to satisfy the requirements of Rule 9(b). His defense of fraud is thus fatally defective.[4]

■ Hansen contends that fraud must be specifically alleged only when it is raised as a means of affirmative recovery, but not when it is raised as a defense. This argument is clearly without merit. The standards for alleging and proving fraud are the same whether the claim of fraud is a cause of action or an affirmative defense. *See, e.g., Davis v. Monteith,* 289 S.C. 176, 345 S.E. (2d) 724 (1986) (to have the advantage of a defense based on fraud, the issue must be specifically alleged); *Darby v. Waterboggan of Myrtle Beach, Inc.,* 288 S.C. 579, 344 S.E. (2d) 153 (Ct. App. 1986); Rule 9(b), SCRCP ("in **all averments** of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity") (emphasis added); *Home Improvement Financing Corp. v. Cuthrell,* 251 N.C. 75, 110 S.E. (2d) 484 (1959) (applying fraud pleadings requirements in action where fraud raised as an affirmative defense). Hansen therefore is not excused from complying with the requirements for properly pleading fraud simply because he raised fraud as a defense.

## IV.

■ During the course of discovery, DHL inadvertently provided Hansen with a copy of a letter from an officer of DHL to its attorney suggesting that DHL alter minutes of a certain board meeting. DHL filed a motion *in limine* to prevent Hansen from using the letter, claiming that the letter was protected by the attorney-client privilege. The court held that the letter proposed a fraudulent alteration of evidence, and ruled that the letter was admissible for any and all

---

[4] South Carolina law governs the sufficiency of the pleadings with regard to all three notes. *See McDaniel v. McDaniel,* 243 S.C. 286, 133 S.E. (2d) 809 (1963) (procedural matters are determined in accordance with the law of the forum). Nonetheless, the North Carolina pleading requirements are substantially the same as those of South Carolina. *See, e.g., Terry v. Terry,* 302 N.C. 77, 273 S.E. (2d) 674 (1981).

purposes during the trial.[5] Hansen argues that this letter raises serious questions about the credibility of DHL, and that questions of credibility should be resolved by the jury, not the trial judge.

It is of course correct that questions of credibility can ■ make summary judgment inappropriate. *See, e.g., Hiers v. Mullens,* — S.C. —, 425 S.E. (2d) 57 (Ct. App. 1992). However, summary judgment was granted here on the basis of Hansen's own statements. Hansen admitted signing the promissory notes, and there is no dispute that the notes have not been paid. If Hansen's evidence of the nature of the loan transactions were admissible, the credibility of DHL might have been relevant. However, that evidence is not admissible, and DHL's credibility is simply not an issue with regard to Hansen's liability on the notes. The granting of summary judgment was therefore proper, in spite of the questions raised by the letter.

Therefore, because Hansen's only defense to DHL's claims is inadmissible under the parol evidence rule, the trial court properly granted partial summary judgment in favor of DHL. Accordingly, the appealed order is hereby

Affirmed.

SHAW, J., and HOWARD, Acting Judge, concur.

---

[5]We caution the bench that questions of the ultimate admissibility and the purposes for which certain evidence may be used at trial should generally be determined by the trial judge, rather than the judge hearing the preliminary motion. *See* 27 C.J.S. *Discovery* § 87 (1959) ("judge hearing the motion for discovery has no authority to determine the admissibility in evidence of the document produced, that being a matter for the trial court.").