1009

PALMETTO STATE SAVINGS BANK OF SOUTH CAROLINA, Respondent v. Earl W. BARR, James C. Harvey, David Caldwell and Charles H. Hayman, Defendants. Appeal of James C. HARVEY and David Caldwell.

(359 S. E. (2d) 531)

Court of Appeals

*Frederick A. Gertz*, of *Gertz, Kastanes & Moore*, Columbia, *for appellants.*

*Walter W. Theus, Jr.,* of *Sinkler & Boyd, Professional Ass'n,* Columbia, *for respondent.*

Heard June 15, 1987.

Decided Aug. 10, 1987.

SHAW, Judge:

Respondent, Palmetto State Savings Bank of South Carolina, brought this action against James C. Harvey, David Caldwell, Earl W. Barr and Charles H. Hayman to collect on a promissory note. Only Harvey and Caldwell appeal the summary judgment granted to the bank. We affirm.

Harvey, Caldwell, Barr and Hayman obtained a $350,000 loan from respondent bank to purchase and operate a fishing business. Payments fell in arrears and the bank sued on the note. Harvey and Caldwell conceded the default but attempted to avoid the obligation claiming the transaction was not a loan, but a joint venture. Claiming the bank was negligent in performing certain duties required by the joint venture, Harvey and Caldwell asserted a right to a set-off and requested reformation of the contract to show the existence of the joint venture.

Harvey and Caldwell contend a genuine issue of fact exists as to whether the transaction was really a joint venture, and the trial court, therefore, erred in granting summary judgment in favor of the bank. We disagree.

The only evidence of a joint venture appearing in the record concerns an alleged oral agreement made prior to execution of the note.

In the case of *Ray v. South Carolina National Bank, Inc.,* 281 S. C. 170, 314 S. E. (2d) 359 (Ct. App. 1984), this court held:

> In an action on a promissory note where parol evidence is sought to be introduced to the effect that the maker is not to be liable under certain conditions, the introduction of such evidence violates the rule against parol evidence and is, therefore, not admissible.

281 S. C. at 173, 314 S. E. (2d) at 360.

The present case is precisely on point with *Ray.* Furthermore, and most importantly, the loan agreement between

these parties contained a merger clause. When an agreement is reduced to writing, there is a strong implication the whole intention of the parties has been expressed and there is no agreement or intention contrary to that expressed. *Wilson v. Landstrom*, 281 S. C. 260, 315 S. E. (2d) 130 (1984). In this instance, the parties went a step further by including the merger clause in their agreement which stated there were no other "oral understandings, terms or conditions." Thus, the loan documents contain the entire agreement.

Harvey and Caldwell contend the joint venture is not part of the loan agreement and, therefore, the merger clause is not applicable. However, they assert the joint venture agreement imposed a duty upon the bank which conditioned the bank's right to payment upon the performance of these duties. Harvey and Caldwell seek to substantially increase the duties of the bank beyond those set out in the loan agreement. Therefore, the merger clause is applicable and bars any oral evidence as to the existence of a joint venture.

Construing all inferences in the light most favorable to Harvey and Caldwell, there is no genuine issue as to a material fact. This court holds that all other issues raised in this case are manifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1985).

Accordingly, the judgment below is affirmed and the case is remanded to the trial court for a determination of damages.

Affirmed.

GARDNER, J., concurs.

CURETON, J., concurs in result only.